## CLARK v. NELSON.

1. **New Trial**: NEWLY DISCOVERED EVIDENCE. Where the party moving for a new trial on the ground of newly discovered evidence failed to make a showing of diligence to discover the same before the trial, *held*, that the motion was properly overruled.

2. ——: ——: PRACTICE. Where the fact to which the evidence relates is vital to the plaintiff's right to recover, the defendant is held to the exercise of a high degree of care in preparing for trial.

*Appeal from Mitchell District Court.*

FRIDAY, JUNE 18.

ON the 20th of June, 1873, plaintiff filed his petition claiming of defendant the sum of $2,000.00, on account of an alleged willful and malicious assault and battery, averring that the blows inflicted by defendant ruptured the membrane of plaintiff's abdomen, causing a painful and dangerous hernia.

The defendant, for answer—

1. Denies every allegation of the petition.

2. Admits the assault and battery, but denies that plaintiff received any injury therefrom, and alleges that he committed the assault and battery in lawful self-defense.

3. Admits the assault and battery, but denies the injury, and alleges that defendant inflicted the battery through inadvertence, and in sport, and in amiciable contest, and without malice, unlawful design or fault.

There was a jury trial at the March Term, 1874, and verdict and judgment for plaintiff for $700.

On the 20th of July, 1874, defendant filed his motion for a new trial on the ground of newly discovered evidence. This motion was overruled. Defendant appeals.

*M. Brown* and *L. M. Ryce*, for appellant.

*Clelland & Poindexter*, for appellee.

DAY, J.—The only error assigned is the overruling of the motion for a new trial on the ground of newly discovered evidence. The cause was commenced on the 20th day of June, 1873, and was tried at the March term, 1874. The petition states that the injuries inflicted by defendant caused hernia, and claims damages on that account. On the 20th of July, 1874, the defendant filed his motion for a new trial. In support of it he filed an affidavit of four persons, as follows: "The undersigned, residents of Rock county, Wisconsin, of lawful age, being sworn, do depose and say, that we were well acquainted with Nelson Clark when he resided in this county ten years ago, and that we have heard the said Nelson Clark say at different times that he (the said Clark,) had a breach, and complain of the trouble the said breach gave him in doing some kinds of hard work." The defendant also filed his own affidavit, in substance stating that after the trial of the cause, and in the latter part of June, 1874, he learned that there was a report in the neighborhood that Nelson Clark had been breached before he came to Iowa, and that he could establish that fact by witnesses residing in Wisconsin. That he employed J. P. Miller to go to Rock county, Wisconsin, where plaintiff formerly resided, and make inquiries, and that Miller furnished the names of the persons attached to the affidavit accompanying the motion. That defendant did not know that Clark had been breached before he came to Iowa, and had never heard any such report until after the trial of the cause, and that he made inquiries in the neighborhood with a view of ascertaining if such were the fact, and could obtain no evidence whatever."

In opposition to this showing, plaintiff filed his own affidavit, and that of his son and wife, that he had never had

1. NEW TRIAL: newly discovered evidence. a hernia until after the infliction by the defendant of the injuries complained of. Plaintiff also filed affidavits of five of his neighbors to the effect that prior to the act complained of he was an able-bodied man, and could not, in their opinion, have been ruptured. We deem it necessary to determine but one question in connection with

this case. We think the defendant has not shown that he exercised reasonable diligence, before the trial, to obtain this testimony. The claim for damages was distinctly placed upon the ground that the injuries inflicted by defendant had produced hernia. Nine months intervened between the filing of the petition and the day of trial. The defendant's attention was directed to the inquiry whether plaintiff had not had hernia before, and he did pursue it, to a certain extent, in the neighborhood, as shown by his affidavit. But reasonable diligence and care in the preparation of the case for trial, in view of the long time which defendant had for the purpose, should have stimulated him to extend his inquiries beyond the present neighborhood, and into the county where plaintiff formerly lived. If this had been done there can be no doubt that the evidence now offered would have been discovered before the trial. This case is not like one where the newly discovered evidence bears upon some collateral question to which attention has not been previously directed.

The question upon which this evidence bears was suggested in the petition, and it is vital to the plaintiff's right to recover. 2. ——: ——: These facts require a higher degree of care and <sub>practice.</sub> vigilance on the part of defendant, in preparation for his defense.

In our opinion, the court did not err in overruling the motion for a new trial.

AFFIRMED.