BAILEY, WOOD & Co. v. LANDINGHAM ET AL.

1. **New Trial:** NEWLY DISCOVERED EVIDENCE. A new trial will not
usually be granted upon the ground of newly discovered evidence when
such evidence is merely cumulative in character. Facts considered
which were held insufficient to entitle a party to a new trial.

*Appeal from Harrison District Court.*

THURSDAY, DECEMBER 4.

PETITION for a new trial under the provisions of section 3154
of the Code, on the ground fraud was practiced on the court

by the successful party.  A demurrer to the petition was over-
ruled.  There was a trial to the court and the petition dis-
missed.  The plaintiffs appeal.

*Barnhart & Cadwell*, for appellants.

*L. R. Bolter*, for appellees.

SEEVERS, J.—The original action was brought to foreclose a
mortgage.   The defense pleaded was that the mortgaged prem-
ises, or a portion thereof, constituted the defend-
ants' homestead, and that Mrs. Landingham never
signed or executed the mortgage.   There was a
trial on such issue and witnesses were introduced by both
parties.   The fraud is alleged to have been perpetrated because
the evidence of the plaintiff's witnesses was false and fraudu-
lent.   The mortgage was given to one George M. Poe, and he
testified on the trial on the part of the plaintiffs.   His evidence
was contradictory to the evidence of the defendants' witnesses.
It is alleged in the petition there were other persons present
when the mortgage was executed who were not introduced as
witnesses on said trial, who will testify to the same facts as
did the said Poe.   It is, therefore, expected to establish the
fraud by a preponderance of evidence.   The newly discovered
evidence is cumulative in character.   A new trial is not usually
granted for the purpose of introducing such evidence.   But
conceding there are cases when it would be proper to do so,
and that due diligence was used to discover and procure the
evidence, we are of the opinion a new trial should not be
granted, because it is stated in the petition " that the fact that
any of the several persons hereinbefore named were so present
(at the time the mortgage was executed), did not come to their
(plaintiffs), knowledge, until about the close of the trial."

This constitutes a clear and distinct admission that the
plaintiffs knew before the close of the trial there were
other persons present than said Poe and the defendants' wit-
nesses when the mortgage was executed.   Due diligence
required that an effort should have been made to procure the
attendance of such persons.   If this was impossible, or could

*1. NEW TRIAL: newly dis-covered evi-dence.*

not with proper efforts be accomplished, an application for a continuance should have been made. This was not done, but the chances were taken, and plaintiffs cannot be now heard to complain of a result caused by the want of due caution and care on their part. *Clark v. Nelson*, 40 Iowa, 678; *Hopper v. Moore et al.*, 42 Id., 563.

It is insisted the demurrer admitted the allegations of the petition, and, therefore, plaintiffs were entitled to the relief asked. A demurrer only admits facts which are well pleaded. Legal conclusions are never regarded as admitted. But we hold that, if everything well pleaded in the petition be regarded as established, the plaintiffs are not entitled to the relief asked. Therefore, it is immaterial what is the effect of the demurrer, or whether an answer was filed or not. If an answer was required, which we neither concede nor deny, it was waived by the stipulation that there should be a trial as to the matters set forth in the petition.

AFFIRMED.