SHERMAN P. TERRYLL *vs.* SAMUEL E. BAILEY.

November 9, 1880.

**Appeal from Justice—Effect of Judgment of Reversal.**—Upon an appeal from the judgment of a justice of the peace to the district court upon questions of law alone, a simple judgment of reversal has the effect of a dismissal of the action. It annuls the proceedings before the justice, and leaves the parties to proceed *de novo*.

**Same—Effect of such Judgment in Replevin as a Bar to a Subsequent Action of Replevin.**—In replevin, where the property has been delivered to plaintiff, if upon appeal on questions of law alone the district court reverses the judgment of the justice, without deciding the merits of the action, the defendant is entitled, as upon dismissal, to judgment for a return of the property, and if it cannot be had, for its value. An answer alleging, as a bar to an action in replevin, the recovery of judgment by plaintiff against defendant before a justice of the peace, in replevin for the same property, an appeal by defendant to the district court on questions of law alone, and the judgment of the district court reversing the judgment of the justice and adjudging a return of the property to defendant, and the recovery by him of its value, if a return cannot be had, does not show a bar unless it allege or show that the judgment of the district court was rendered on the merits. That judgment alone does not show it.

Appeal by plaintiff from an order of the district court for Redwood county, *Cox,* J., presiding, overruling a demurrer to the answer.

*Baldwin, Miller & Morrill,* for appellant.

*Alfred Wallin,* for respondent.

GILFILLAN, C. J. Action in replevin. As a bar to the action the answer alleged that an action for the same cause by this plaintiff against this defendant was commenced before a justice of the peace; that judgment therein was rendered on the merits by the justice in favor of plaintiff, awarding the property to him; that defendant appealed from the judgment to the district court on questions of law alone; that in the district court judgment was rendered reversing the judgment of the justice, and adjudging "that said property in said judgment mentioned and described be returned to the defendant, and, in case said property cannot be obtained, that the defendant recover from the plaintiff the sum of $90, which said sum of $90 is the value of said property, as appears by the affidavit filed in said action before said justice of the peace, and as further appears by the allegations in plaintiff's complaint and admissions in defendant's answer in said action." As alleged in the answer, the order on which this judgment was rendered merely "ordered and decided that said judgment rendered by said justice of the peace should be reversed, with costs." The answer does not allege that the judgment of the district court was rendered on the merits, nor does it appear whether it was rendered on the merits or for error not involving the merits, otherwise than may be inferred from the order for judgment. Plaintiff demurred to this defence, and the court below overruled the demurrer.

If the judgment was not rendered on the merits, but on some technical point, of course it can be no bar to the litigation of the merits in a subsequent action. And as the judgment of reversal may have been rendered on either ground, it was necessary that, to make it a bar, the answer should

allege or show that it determined the merits of the action. *Vaughan* v. *O'Brien*, 57 Barb. 491. It is not enough that it adjudges a return of the property to defendant, or the recovery of its value in case a return cannot be had. The defendant was entitled to that judgment upon a reversal for any cause. In an action in replevin before a justice, the property, if it can be reached by the writ, is taken and delivered to the plaintiff. Gen. St. 1878, *c.* 65, § 91. Upon a judgment of dismissal, as well as on the merits for defendant, the defendant is entitled to a judgment for a return of the property, or for its value if a return cannot be had, with damages for the detention. Gen. St. 1878, *c.* 65, §§ 95, 96. Upon an appeal from the judgment of a justice to the district court on questions of law alone, the district court may affirm, or reverse, or modify, and in case of reversal it may, in a proper case, determine the merits, and render judgment thereon for the appellant. The statute makes no provision for remanding a cause to the justice and ordering a retrial, in case of reversal, where the appellate court does not render judgment on the merits. A simple reversal, not determining the merits, has the same effect as a judgment of dismissal. It annuls all the proceedings before the justice, and leaves the parties to proceed *de novo*, as though no action had been commenced; and in rendering such a judgment the court may and ought to restore the parties to the situation they were in before the action was commenced. Upon such a reversal, in an action in replevin, the right of defendant to a return of the property, if it has been delivered to plaintiff, or for its value, if a return cannot be had, follows of course.

The fact, then, that in such action the judgment of reversal adjudges a return of the property to the defendant, or its value if a return cannot be had, does not of itself show that the merits of the action are determined by the judgment. In this case the order for judgment does not in any way control the judgment, but it may be resorted to for the purpose of ascertaining whether the judgment was rendered on the mer-

its. Resorting to it for this purpose, it appears that the court did not assume to determine the controversy between the parties. It ordered merely a simple judgment of reversal and for costs; and by such judgment the defendant was entitled to have the property returned or its value. The answer fails to show the judgment to be a bar, and the demurrer should have been sustained.

Order reversed.