Gowan and others vs. Hanson.

*August 30 — September 19, 1882.*

ATTACHMENT: DEMAND NOT DUE. *(1) Affidavit and undertaking prerequisite. (2) Trial of issue on traverse. (3) Attachment essential to action on demand not due.*

REVERSAL OF JUDGMENT. *(4) Judgment not reversed because proper at an earlier stage. (5) When judgment dismissing complaint will not bar another action.*

1. Ch. 233, Laws of 1880, authorizes the commencement of an action on a demand not yet due for the purposes of attachment only on condition that the requisite affidavit is made and the proper undertaking executed and delivered.

2. The issue raised by the traverse of an attachment, under that statute, should be tried by the court before the trial of the main issue, as in the ordinary case of traverse under sec. 2745, R. S.; and if the traverse is sustained the action must be dismissed.

3. The action cannot be maintained where the demand is not due, even though garnishee proceedings have been instituted, unless there is also a subsisting concurrent attachment.

4. A judgment, after verdict, dismissing the action will not be reversed because it should have been rendered at an earlier stage of the action.

5. A judgment dismissing the complaint, being shown by the pleadings and verdict to be a judgment in abatement, will not operate in bar of another action.

APPEAL from the County Court of *Milwaukee* County. The case is stated in the opinion. The plaintiffs appealed from a judgment, that the "complaint herein be and hereby is dismissed, and that they take nothing thereby," etc.

For the appellants there were separate briefs by *Frank M. Hoyt* and *David S. Ordway*, and oral argument by *Mr. Hoyt*. They contended, *inter alia:* 1. Under sec. 2731, R. S., as amended by ch. 233, Laws of 1880, an action on a debt before maturity can be maintained against a debtor guilty of the fraudulent acts specified, and garnishee actions maintained against parties indebted to him, where no writ of attachment has been issued. The broad, general words of the statute should receive a general construction, there being no express exception. *Harrington v. Smith*, 28 Wis., 43–60. This construction is in accordance with the history and policy of the system of laws relating to this subject and essential to the consistency of that system. Laws of 1838, ch. 58; R. S. 1849, p. 136; id., ch. 102, sec. 18; Laws of 1864, ch. 200; Revisers' Notes to ch. 125, R. S. 1878; *State ex rel. S. B. & L. M. Sh. C. & A. Co. v. Commissioners of S. & U. Lands*, 34 Wis., 162; *Henry v. Tilson*, 17 Vt., 479; *Rex v. Loxdale*, 1 Burr., 497. Any other construction would cast upon the legislature the imputation of a vain and useless law, insufficient to carry out its purpose. If necessary, words are to be extended beyond their natural import and effect to include cases which are within the mischief which the statute was designed to prevent. Dwarris, 654, 655; *Dean of York v. Middleburgh*, 2 Y. & J., 196; *Magdalen College Case*, 11 Rep., 67; *Atcheson v. Everett*, Cowp., 382–

391; *Johnes v. Johnes*, 3 Dow., 15; *Nichols v. Halliday*, 27 Wis., 406. This statute is remedial and should be liberally construed to advance the remedy. *Jones v. Collins*, 16 Wis., 594; *C., B. & Q. R. R. Co. v. Dunn*, 52 Ill., 260; *Hoguet v. Wallace*, 4 Dutch., 523. Being a statute enacted against frauds, it should be so construed as to reach the fraud. Dwarris, 653; *Adm. of Tracey v. Adm. of Card*, 2 Ohio St., 431. 2. The judgment is defective, being in form a judgment in bar, and should be modified so as not to embarrass an action for the debt when it is due, if this action fails. *Barney v. Baltimore*, 6 Wall., 280. The proper form of a judgment on a plea in abatement under the old practice was that the plaintiff's bill be quashed, or, where a temporary disability was pleaded, " that the plaintiff remain without day until," etc. 1 Tidd's Pr., ch. 27, p. 694; 1 Chitty's Pl., 434; 1 Burrill's Pr., 250; 2 Arch. Pr., 4.

For the respondent there was a brief by *Jenkins, Elliott & Winkler*, and oral argument by *Mr. Winkler*.

COLE, C. J. This action was commenced by attachment on a debt before maturity, and garnishee proceedings instituted. The ground for the attachment, as stated in the affidavit made by one of the plaintiffs, was that the affiant had good reason to believe, and verily did believe, that the defendant had assigned, conveyed, disposed of, or concealed, or was about to assign, convey, dispose of, or conceal, his property with intent to defraud his creditors. The amount of debts to become due was stated in the affidavit to be $540.18. An undertaking in only the sum of $750 was executed. The defendant's counsel obtained a rule to show cause why the writ of attachment in the action should not be dismissed, and why the action should not be dismissed, for the reason that it appeared by the affidavit annexed to the writ that the demand was not due when the suit was commenced, and also because the undertaking given was insufficient. On the hearing of the

rule the county court ordered the attachment and all proceedings thereon to be set aside and vacated, but denied so much of the motion as asked for the dismissal of the action without prejudice, and required the defendant to answer. The defendant did answer, setting up in abatement that the indebtedness was not due when the suit was commenced, and asked that the action be dismissed. On the trial of the suit the court directed the jury to return a verdict in abatement of the action because it was commenced before the debt was due, and the jury so found. Thereupon judgment was entered, from which this appeal was taken.

The principal question discussed on the appeal relates to the construction of chapter 233, Laws of 1880. That chapter provides that an action may be maintained and a writ of attachment issued on a debt not due in the cases specified, and that the same proceedings in the action shall be had and the same affidavit required as in actions upon matured demands, except that the affidavit shall state that the debt is to become due; provided, that an undertaking on the part of the plaintiff is given, with sufficient surety, conditioned, etc., *in three times the amount demanded.* In case an attachment be issued before the maturity of the debt, and a traverse to the attachment is sustained, the court is required to dismiss the action. To our minds it is perfectly clear that this statute only authorizes the commencement of an action on a debt not due for the purpose of an attachment on condition that the requisite affidavit is made, and the proper undertaking executed and delivered. The giving of an undertaking for three times the amount demanded is as essential to the right to maintain the action as the making of the affidavit. Both things are absolutely necessary and requisite where the debt is not due, and the omission of either is fatal to the action. This is the plain meaning of the statute, and any other construction would do violence to its language. It is suggested by plaintiff's counsel that there is room for construc-

tion; that the intent of the statute is not clear or free from doubt. But we differ *toto cœlo* with counsel in that view. There is nothing obscure or doubtful in the law. The language in which the legislature have spoken is plain and unambiguous; therefore, interpretation is not allowable. *Ogden v. Glidden*, 9 Wis., 47. Nor can we extend the language beyond its obvious meaning to advance some supposed policy of the legislature in giving this remedy on a debt not due. That would be simply to legislate. Where there is a traverse of the attachment, the issue so raised should be tried by the court before the trial of the main issue, as in the ordinary case of a traverse of attachment, under sec. 2745, R. S. If the traverse is sustained, "*the court shall dismiss the action.*" The statute so declares.

It was insisted on the part of the plaintiffs that the action might still be maintained after the attachment was dissolved, because garnishee proceedings had been instituted. We think otherwise. In the language of one of plaintiffs' counsel, the suit cannot be maintained where the debt is not due unless there is also a subsisting concurrent attachment accompanying the same. But it is further argued that in this view the court should have dismissed the suit on defendant's motion. Undoubtedly. But it is said as the court retained the complaint for answer that error cannot avail the defendant now. It would be a strange travesty on judicial proceedings to reverse this judgment because the court should have rendered the same judgment at some earlier stage of the cause. It was further objected that the judgment is defective in form, and would operate in bar of another action. This point is not well taken. The pleadings and verdict would show that it was a judgment in abatement, if there was any doubt as to its nature and effect as it now stands.

*By the Court.*— The judgment of the county court is affirmed.