BRADLEY and others *v.* KROFT and another, Defendants, and WILLIAM J. COWEN, Garnishee Defendant.

(*Circuit Court, W. D. Wisconsin.* December Term, 1883.)

1. VOLUNTARY ASSIGNMENT—STATUTE OF WISCONSIN—PROOF OF CLAIM AFTER THE EXPIRATION OF THREE MONTHS.

The statutes of Wisconsin require all creditors of one who has made a voluntary assignment to file their claims with the assignee within three months after his appointment, upon pain of being debarred from participation in any dividends made after the expiration of the three months, and before their claims are actually filed; *held,* that there is nothing in the statute which prevents a creditor, who has failed to file his claim within three months, from filing and proving it afterwards and taking the benefit of the law.

2. SAME—UNLAWFUL PREFERENCE.

Accordingly, where a voluntary assignment of partnership property was made in trust for the payment of all partnership debts that should be proved "as provided by the statute," and afterwards in trust for the payment of individual debts, *held* that the assignment contained no unlawful preference, such as to debar from their rights the creditors of the partnership who did not file their claims within three months.

3. ACTION ON DEMAND NOT YET DUE—STATUTE OF WISCONSIN—PREREQUISITES —BOND.

The statute of Wisconsin, allowing an action to be maintained on a demand not yet due upon the filing of a bond conditioned in three times the amount of the claim, must be strictly complied with. The bond is a prerequisite to the right of action, and if it is defective in the first instance the fault cannot be afterwards healed by the substitution of a regular bond.

Decision of Motion for Judgments against defendants on the answer, and against garnishee defendant.

*Tenney & Bashford,* for plaintiffs.

*L. M. Vilas,* for defendants and garnishee.

BUNN, J. This action is brought by David Bradley & Co., a corporation existing under the laws of Minnesota, and a citizen of Min-

nesota, against the defendants, who are citizens of Wisconsin, upon certain promissory notes not due; and an attachment accompanying the summons was issued against defendants' property, under the provisions of chapter 233 of the General Laws of Wisconsin for the year 1880, and garnishee proceedings commenced against William J. Cowen, who, it is claimed, has property in his hands belonging to the defendants, and liable for their debts. The garnishee answers, denying all liability, or that he has any property in his hands belonging to the defendants. He also sets up facts showing that previous to the commencement of this action on November 14, 1883, to-wit, on November 5, 1883, the defendants, who were partners doing business at Menomonee, in Dunn county, under the firm name of Kroft & Severson, made a general assignment of all their stock and effects to the garnishee defendant in trust and for the benefit of their creditors, under the insolvent laws of Wisconsin; and that the said garnishee holds the property which it is sought by the garnishee proceedings to reach, under such assignment. The plaintiff moves for judgment against the garnishee upon his answer, and attacks the validity of the assignment. The question is, whether the assignment is valid under the laws of Wisconsin? If it is, then the motion must be denied.

The principal objections urged against the assignment are: (1) That it contains a preference in favor of creditors, which the statute forbids; (2) that it is conditional and does not appropriate the property of the assignors absolutely to the payment of their debts. If the assignment is justly obnoxious to these objections, or to either of them, it cannot be maintained.

By chapter 349, Laws 1883, § 1, it is provided that "any and all assignments hereafter made for the benefit of creditors, which shall contain or give any preferences to one creditor over another creditor, except for the wages of laborers, servants, and employes earned within six months prior thereto, shall be void."

The assignment is somewhat voluminous, and, in order to a proper understanding and construction of it, it is necessary that all the provisions should be considered together. The substance of those material to the inquiry is as follows:

The assignment recites that whereas the said assignors are indebted to divers persons in divers sums, which, by reason of difficulties and misfortunes, they have become unable to pay, and they being desirous of providing for the payment thereof by an assignment of their property and effects for that purpose, not exempt from execution, in consideration of the premises, etc., they do assign, convey, and set over to the assignee all their real estate and personal property, whether held by them as partners or individuals, except such as is exempt from execution; to have and to hold the same in trust that the assignee shall take possession of the partnership property, and, with all convenient diligence, sell and convert the same into

money, at public or private sale, as may be deemed for the best interest of the creditors, collect all the debts, and, out of the proceeds of such sales and collections, make such payment or payments to the partnership creditors, *pro rata*, and without preference, except as to laborers and servants, as is provided by law, subject to the orders and directions of the circuit court of said county, or the judge thereof, as provided by law; and that if, after the payment of all costs, and all partnership debts in full, as have been proved against them as such partnership or firm, as provided in chapter 80 of the Revised Statutes of Wisconsin, and the several acts amendatory thereof, any portion of such proceeds remain in the hands of such assignee, he shall pay and discharge all the private and individual debts of the assignors, or either of them, whether due or to grow due, provided the respective amounts of the individual debts of each does not exceed his portion, being one-half thereof of the surplus that may remain, after paying all of the said partnership debts, and, if it should, then his interest in such surplus to be divided, *pro rata*, among his individual creditors in proportion to their respective demands, which shall have been proved and filed as required by said chapter 80, Rev. St., and amendatory acts. There is a like provision in regard to the separate property of the individual partners, assigning it (all that is not exempt) to the assignee, without preference, for the benefit of (1) the private and individual creditors that have proved their claims, and (2) when they are satisfied, then to their partnership creditors, share and share alike, who shall have proved their claims, as before provided. Then follows a provision that "if, after payment in full, as aforesaid, there should remain in the hands or possession of the assignee, in trust, any portion of the proceeds of said sale and collections of said partnership property, or of said individual property, or of both, he shall return, reassign, and deliver the same to the assignors, according to their several rights."

The foregoing is a condensed statement of the provisions bearing upon the question of a preference in favor of creditors, and also upon the question of whether the assignment is conditional or absolute, these objections both turning upon the same question of construction.

The question is as to the proper construction to be placed upon them, and whether the effect of the provisions, taken as a whole, is to prefer one creditor to another, or to make the assignment conditional instead of absolute for the benefit of creditors. There is no claim that the assignment, in terms, prefers any creditor or creditors by name, over others. But the plaintiffs' contention is that the assignment only provides for the payment of such creditors as shall prove their claims within three months from the time of publication of notice to them by the assignee; and that the creditors who do not file affidavits of their claims within that time can not be paid at all under the assignment, but the property, after that, is to be returned to the assignee. And if this be the proper meaning of the assign-

ment, I think the contention must be sustained. But after a careful consideration of all its provisions, and in the light of the statute, I must say this seems to me a rather straitened construction, and that I find no such meaning in the assignment. The intention to be gathered from the whole instrument would clearly seem to be to provide for the payment of all who are entitled to be paid under the statute, share and share alike, whether partnership or individual creditors, and equitably according to their respective rights, as against the partnership and individual effects, and whether the claims are proved within three months or afterwards, under the statute, except as to such preference as the statute itself gives to those who prove their claims within three months. But to judge properly of the weight to be given the objection it will be necessary to refer to some provisions of the statute.

Section 1693, chapter 80, of the Revised Statutes, provides that "the circuit court, or the judge thereof, in vacation, shall have supervision of the proceedings in all voluntary assignments made under the provisions of this chapter, and may make all necessary orders for the execution of the same."

Section 1698: "Within twelve days after the execution of the assignment the assignee shall give notice of the making thereof, and of his post-office address; and that every creditor of such assignor is required to file, within three months, with such assignee, or the clerk of the circuit court, naming him and his post-office address, on pain of being debarred a dividend, an affidavit setting forth his name, residence, and post-office address, the nature, consideration, and amount of his debt claimed by him, over and above all offsets." Then the statute provides for a publication of the notice, and mailing a copy to each creditor.

Section 1699, among other things, provides that the assignee, after the expiration of three months, shall file with the clerk of the court proof of the publication, and a list of the creditors served, and also a list of the creditors who have filed an affidavit of their claim.

Section 1700 provides that "every creditor of the assignee [assignor] who shall not file such an affidavit of his claim within the time limited, as aforesaid, shall not participate in any dividend made before his claim is filed. Debts to become due, as well as debts due may be proved," a rebate of interest being allowed, etc.

Section 1701 provides that the assignee shall, within six months after his appointment or within such further time as the circuit judge or court shall allow, file in the circuit court a report setting forth a full statement of the property received, together with the names and residences of the creditors, the dividends made, and a full account of the receipts and disbursements.

The plaintiff contends that there is no provision in the law for a creditor to prove his claim after three months has expired, although he may file it and be entitled to payment; and that the effect of the

assignment is to provide only for the payment of those creditors who file proof by affidavit of their claims within the three months. But if this be so it must be by inference only, because there is no such provision expressed in the assignment. There is an express provision that out of the proceeds of sales and collections the assignee shall make payment to the creditors, *pro rata*, and without preference, ex· cept as to laborers and servants, as the law provides, subject to the order and direction of the circuit court or the judge thereof.

It is true, as before seen, that the assignment provides that if after payment of all costs and all debts in full, as have been proved against the assignors, as provided by said chapter 80 and the several acts amendatory, that if anything remain, it shall be returned to them; but this is not equivalent to a provision that none shall be paid who do not file proof of claim within three months. On the contrary, it appears the provisions for payment in the assignment are as broad as the provisions of the statute, and that any one who is entitled to file or prove his claim within the law is also entitled to payment under the assignment. The clear inference from the statute is that no absolute limit is placed upon the time when claims must be filed or proved. There is an inducement held out to such as file them within three months. But, except that other creditors not so filing the affidavit within that time are barred from sharing in dividends made previous to the filing of their claims, their right to file and prove their claims after three months has expired is just as clear under the law as is that of the more diligent class.

It is said there is no provision in the law for proving claims, though there may be for filing them, after the expiration of the three months. But the general provision, that debts to become due, as well as debts due, may be "proved," applies just as well to those "filed" after three months as those "proved" before, by the filing of an affidavit. The inference is irresistible that a creditor may both file and prove his claim after the time limited, and the only penalty for not proving before is that they are not entitled to previous dividends. It is clearly contemplated by section 1701 that the settlement of an estate under the act may require six months, or even longer, in the distribution, and under the general control and supervision of the circuit court. And the provision, that "every creditor who should not file such affidavit of his claim within the time limited, shall not participate in any dividend made before his claim is filed," contains the clear implication that he is entitled by proving up his claim afterwards, to participate in dividends made subsequently. And if he is entitled under the law to prove his claim and participate in dividends, he is also so entitled by the clear and positive provisions of the assignment. It will have been observed that the circuit court has general control and supervision of the estate and proceedings under the assignment; and I see nothing in the provisions of the assignment at all inconsistent with

a full and fair distribution of all the property and effects of the assignors, according to law.

The conclusion I have reached is that the assignment is valid in law, and that the answer of the assignee, as garnishee, sets up a good defense. The motion for judgment will therefore be denied.

I am also of opinion that the answer of the defendants Kroft & Severson sets up a good plea in abatement, and that the motion for judgment against them must be denied.

The action is upon promissory notes not due at the time of the commencement of the action.

Chapter 233, Laws 1880, provides that "an action may be maintained, and a writ of attachment issued, on a demand not yet due, * * * and the same proceedings in the action shall be had, and the same affidavit shall be required, as in actions upon matured demands, except that the affidavit shall state that the debt is to become due: provided that the undertaking * .* * shall be conditional in three times the amount demanded."

The action was commenced on November 14, 1883, by the issuing and service of a summons accompained by an- attachment and undertaking, but the undertaking was not in three times the amount demanded. On November 17th a new undertaking was executed and served, such as the law required in such cases, but no new summons or attachment was issued, and no new service had. The amount of the debt demanded was $603.56. The original undertaking accompanying the summons or attachment was for $250. The undertaking executed on November 17th was for $2,000. It is claimed by plaintiffs that they had a right to give that new undertaking, and that the giving of it cured the defect and made the service of the summons and attachment good from that time. But I am unable to concur in this view. The proceeding is special, and I think all the conditions of the statute should be complied with in order to uphold it. It was so held by the supreme court of Wisconsin in *Gowan* v. *Hanson*, 55 Wis. 341, [S. C. 13 N. W. Rep. 238,] and I fully concur in the construction therein given to this statute. The court there say:

"To our minds it is perfectly clear that the statute only authorizes the commencement of an action on a debt not due, for the purpose of an attachment, on condition that the requisite affidavit is made, and the proper undertaking executed and delivered. The giving of an undertaking for three times the amount demanded is as essential to the right to maintain the action as the making of the affidavit. Both things are absolutely necessary and requisite, when the debt is not due, and the omission of either is fatal to the action. This is the plain meaning of the statute; any other construction would do violence to the language."

The execution and service of an undertaking after the suit was begun could not relate back so as either to give the plaintiff a cause of action, as upon a demand already due, or to bring him within the provisions of the law for maintaining an action upon a contract *not*

due when the suit was commenced.   This is the real difficulty with the plaintiff's case.   It is not that there is a mere irregularity that may be cured by amendment or by a general appearance.   The summons and attachment proceedings were regular in form, but the plaintiff had no cause of action, although he held the defendants' contract not due, and of which there had been no breach.   A cause of action arises on a contract not from the date, but from the time of the breach.   By common and universal law no action can be maintained until the contract is broken.   By the laws of Wisconsin an action may be maintained so soon as the contract is delivered, and before any breach, but only upon certain precedent conditions, which were not observed in this case.

The action when begun was liable to the plea in abatement, which was afterwards put in, that the debt was not due, and the service of the new undertaking was not the commencement of another suit, and could not debar the defendant from his plea.   The plaintiff, if he wished to avail himself of this extraordinary statute, should have begun his suit anew, and complied in all respects with its conditions.   Nor was the defect waived by a general appearance.   The case is in no way likened to that of a merely irregular or defective service, where the party defendant, in order to take advantage of the irregularity, must appear specially and move to vacate, and where a general appearance will be a waiver.   Here the summons, attachment, and service are perfectly regular in form, and the affidavit for the attachment gives no clue to the fact that the debt is not due, but, on the contrary, states that it is due upon express contract.   The real difficulty is that the plaintiff has begun his action prematurely; in other words, that he had no cause of action at the time of the commencement of the suit.

The course taken by the defendant was the proper course—to appear in the action and set up the facts by plea in abatement.   I think his plea a good one, and the motion for judgment thereon is denied.