A. J. DALEY vs. MIKE MEAD.

April 23, 1889.

Appeal from Justice — Effect of Reversal.—Upon an appeal from the judgment of a justice of the peace, upon questions of law alone, a simple judgment of reversal has the effect of a dismissal of the action. Following *Terryll* v. *Bailey*, 27 Minn. 304.

Same—Effect of Reversal of Judgment in Replevin.—Upon such a judgment, in an action of replevin, where the property has been delivered to the plaintiff on the writ, the defendant is entitled to judgment for the return of the property, or its value; but this is not a judgment on the merits, so as to bar another action.

Replevin, brought in a justice's court, for 200 bushels of barley, of the value of $75. In his answer the defendant pleaded (among other things:) "Defendant denies that plaintiff is or was entitled to any portion of the 200 bushels of barley at any time, and denies the allegation that he had taken and did unjustly detain the same from plaintiff at any time." On plaintiff's motion the answer was stricken out, and judgment rendered for plaintiff. On appeal, on questions of law alone, to the district court for Rock county, judgment of reversal and for return of the property (which had been taken on the writ and delivered to plaintiff) was ordered by *Perkins,* J., and entered, from which the plaintiff appeals.

*A. J. Daley,* appellant, *pro se.*

*Albert Barck,* for respondent.

MITCHELL, J. We think that the fair construction to be given to the imperfect and crude return of the justice in this case is that plaintiff's motion was not an objection to defendant's answer merely as not being "sufficiently explicit to enable him to understand it," but a motion to strike it out as not containing any defence. If the return was so inaccurate as not to show the actual facts, plaintiff should have moved for an amended one. While the answer is informal, as is usual with pleadings in justice's court, yet we think it put in issue material allegations of the complaint, and contained a defence, and hence was improperly stricken out by the justice. The district court was therefore right in reversing the judgment in favor of the plaintiff. The appeal being on questions of law alone, and there being no provision of statute for remanding the cause to the justice for retrial, and the case not being before the district court in proper form to determine the merits, a reversal of the judgment of the justice operated as a dismissal of the action, and left the parties *in statu quo* as if no action had ever been commenced. Upon such reversal in an action of replevin, the plaintiff having obtained possession of the property under the writ, the right of the defendant to a return of the property, or its value, follows of course, and the district judge was right in so ordering. This, however, is not a judgment on the merits, so as to bar another action. *Terryll* v. *Bailey,* 27 Minn. 304, (7 N. W. Rep. 261.)

Judgment affirmed.