[Civ. No. 1005.    Second Appellate District.—May 10, 1911.]

## M. MIKLAUSCHUTZ, Petitioner, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF LOS ANGELES et al., Respondents.

APPEAL FROM JUSTICE'S COURT—DEFAULT JUDGMENT—STIPULATION FOR TRIAL—JURISDICTION OF SUPERIOR COURT—REMAND FOR TRIAL—WRIT OF REVIEW UNTENABLE.—Where, upon appeal from a justice's court, it appears that a judgment by default had been rendered therein for want of a written answer to the complaint, after the parties had stipulated for a trial upon the merits, the superior court had jurisdiction to vacate the judgment by default, and to remand the case to the justice's court for trial upon the merits; and a writ of review will not lie to annul its action in so doing.

ID.—STIPULATION FOR TRIAL—WAIVER OF ANSWER—ORAL ANSWER PERMISSIBLE.—The stipulation of the parties for trial upon the merits treated the case as at issue, and waived the necessity of an answer to the complaint.    Especially should this rule apply in the justice's court, in which an oral answer is permissible.

ID.—WANT OF TRIAL IN FACT—POWER OF SUPERIOR COURT TO REVERSE JUDGMENT FOR ERROR APPEARING.—Where there has been no trial in fact, there is no evidence to be embodied in a statement of the case, and the superior court is authorized to reverse the judgment, if error appears in the copy of the justice's docket, or in the papers and files sent up from the justice's court.

PETITION for writ of review.

The facts are stated in the opinion of the court.

McKelvey & Sorenson, for Petitioner.

George M. Harker, for Respondents.

ALLEN, P. J.—The record before us discloses that on August 8, 1910, petitioner, as plaintiff, commenced an action in the justice's court against certain defendants.    On August 12th following a stipulation was signed by the attorneys for the respective parties setting the action for trial on the 12th of September, 1910.    At the same time counsel for defendants directed the attorney for plaintiff, temporarily acting as justice's clerk, to enter a general denial.    This the attorney

neglected to do. Thereafter, on August 15th, defendants' default was entered, and also judgment entered against defendants. On September 3d defendants moved to set aside the default on the ground that the same was taken after issue made and before time fixed for trial. The court declined to pass, and never did pass, upon this motion. Thereafter defendants gave notice of an appeal on questions of law and fact, and the papers were certified to the superior court. No statement of the case, however, was filed. The superior court, when a motion was made by counsel for plaintiff for judgment upon the pleadings, denied the same, and upon the hearing vacated the judgment of the justice and remanded the cause for trial upon its merits. Petitioner seeks to have this judgment annulled upon the ground that the court had no jurisdiction in the premises. Where there has been no trial in fact, there is no evidence to be embodied in a statement of the case, and the court is authorized to reverse the judgment if errors appear in the copy of the justice's docket, or in the papers and files. The papers and files in this case did disclose the error of the justice in rendering the judgment by default, under the circumstances of the case. Assuming that no duty devolved upon the acting clerk to enter the general denial, nevertheless, the parties treated the case as at issue, and stipulated for a time of trial upon its merits. The necessity of an answer was waived by the stipulation for trial on the matters set forth in the complaint. (*Bailey, Wood & Co.* v. *Landingham,* 52 Iowa, 415, [3 N. W. 461].) More especially should this rule be applicable in a proceeding before a justice, where an oral answer is permissible. The superior court upon the appeal had jurisdiction to determine whether or not error was apparent from the record and files. Having jurisdiction, it had authority to reverse the judgment. This was the effect of the order made vacating the same, and while ordinarily it may be that a case cannot be remanded for a new trial where there has been no trial, such rule would not apply where, as in this case, the justice rendered a judgment, without any trial, by default after issue tendered, his duty being to proceed to trial. This duty the superior court properly enjoined upon him by its order.

Writ denied.

James, J., and Shaw, J., concurred.