Argued May 29; reversed July 2, 1935

# HIGGINS *v.* FIELDS
### (47 P. (2d) 235)

*J. LeRoy Smith,* of Portland, for appellant.

*W. E. Ramsey,* of Portland, and *Glenn R. Jack,* of Oregon City, for respondent.

CAMPBELL, C. J.  On February 9, 1932, plaintiff filed his complaint in the district court of Multnomah county, Oregon, to recover the possession of certain household goods. He alleged ownership, a description of the goods and their value at $254.80; that he was entitled to the immediate possession thereof; demand; the wrongful detention by defendant in Multnomah county, Oregon, and prayed for a return thereof, or, in case of inability to deliver, for judgment for their value, and costs and disbursements.

On the said date summons was duly issued. Thereafter and on the same date, plaintiff filed an affidavit for the immediate possession and endorsed thereon a direction to the constable to take the property from defendant. He also filed a good and sufficient bond. Thereupon the constable took the personal property into his possession. No steps were taken by defendant for redelivery to him and the property was turned over to plaintiff.

Thereafter on February 25, 1932, defendant filed in said court and cause a motion which, omitting the formal parts, reads as follows:

"Comes now the defendant and moves the Court for an order dismissing the above entitled proceeding

having to do with claim and delivery of personal property, on the following grounds to-wit:

I

That the affidavit which forms the basis of this action for claim and delivery is faulty in that it does not comply with Section 4-302, of the Oregon Code;

II

That the endorsement called for in Section 4-303 has not been properly made upon the affidavit;

III

That the undertaking of the plaintiff filed with the Constable has not been properly served upon the defendant;

IV

That the action for claim and delivery has not been brought by the real party in interest; and

V

That the complaint does not contain the essential allegations necessary to give the Court jurisdiction of such matter.

Upon the allowance of any or all of the abovenamed grounds for dismissal, the defendant herein moves the Court for an order fixing a time certain by which the property which is the subject of this action be returned to the defendant herein and upon failure of the plaintiff to return said property to compute the value of the property heretofore repossessed under a wrong process and for the payment to the defendant of such sum as may be adjudged to be due the defendant by plaintiff, or those acting under him, for the wrongful detention of said property, and for such further sum for the wrongful prosecution of this action.''

On February 29, 1932, plaintiff filed an amended affidavit and new undertaking for immediate delivery, remedying the defects pointed out in defendant's motion. Against this amended affidavit and undertaking no action was taken.

On March 23, 1932, the motion of defendant filed on February 25, 1932, was allowed by the court, and the plaintiff was ordered to redeliver to defendant on or before April 2, 1932, all of the property taken in this proceeding and in the event the order for redelivery was not complied with by said time, then defendant should have judgment against plaintiff for the sum of $254.80, the value thereof; and further ordered that the complaint be dismissed and stricken from the files for the reason that the same was insufficient.

Thereafter plaintiff filed a motion to vacate said order which was, on April 6, 1932, denied, and judgment thereupon entered against plaintiff and against his sureties on the undertaking for delivery, and for costs and disbursements. From this judgment an appeal was taken to the circuit court.

On November 25, 1932, on motion, the judgment of the district court was affirmed. Thereafter plaintiff filed a motion to vacate said judgment which motion was thereafter allowed and the judgment vacated and defendant was allowed 10 days in which to file an answer. Thereafter defendant filed an answer which was stricken and an amended answer which was also stricken, and then he filed his second amended answer. Thereafter on November 1, 1934, an order was made as follows:

"At the time set for the trial of said cause on the issues made in the circuit court and it appearing to the court that plaintiff had made no reply to said second amended answer and counsel for plaintiff showing that said answer had not been served upon him, it was agreed between the court and respective counsel that to avoid delay, said second amended answer might stand subject to plaintiff's objections, that said cause was commenced in the district court; that no answer was filed therein nor any issue of fact joined until after

appeal and a hearing in the circuit court in said case; and that the court was without authority to allow the filing of any answer or to try said case except upon the issues and the record made up in the district court; thereupon the court having overruled said objections and allowed an exception thereto, it was agreed that plaintiff's reply previously filed in said case might stand as a reply to the second amended answer."

Thereafter the case went to trial before the court and jury. A verdict was returned in favor of defendant for the sum of $254.80, the value of the property, and $500 damages for the wrongful detention and withholding of the property, and judgment entered accordingly. From this judgment plaintiff appeals.

The questions presented upon this appeal are: Should the defendant be permitted, on an appeal to the circuit court, to file an answer raising issues of fact when no answer was filed in the district court and the only questions passed upon by the district court were ones of law? Did the plaintiff waive his rights by filing his reply after his motion to strike the answer and for judgment was denied in the circuit court?

The facts in this case would indicate that plaintiff's assignor sold to defendant the household goods in question on a conditional sales contract payable in installments. It appears that the whole purchase price was something over $300, of which defendant had paid about $62 during the year and one-half he had possession of these goods, and that the balance due plaintiff, at the time the action was brought, was $254.80. The proceedings in court resulted in a judgment in favor of defendant against the plaintiff for the sum of money owed by defendant to plaintiff, and also $500 damages because the plaintiff repossessed the goods.

"* * * upon an appeal from the judgment of * * * a justice's court, the action shall be tried anew,

upon substantially the issues tried in the court below;
* * *'': Oregon Code 1930, § 7-510. ''Upon an appeal
to the circuit court, the manner of proceeding there-
after is the same as if the action or suit had been com-
menced in such court;  *  *  *'': Id. § 7-513, sub-sec. 3.
Appeals from district courts are conducted in the same
method as appeals from justice's courts: Id. § 28-1113.
''The appellate court may, in furtherance of justice
and upon such terms as may be just, allow the pleadings
in the action to be amended so as not to substantially
change the issue tried in the justice's court, or to intro-
duce any new cause of action or defense'': Id. § 16-410.

In the instant case, defendant filed no answer in
the district court, consequently he had no pleading to
amend. He filed a motion in the district court which
raised no question of fact, and induced the court to
grant his motion compelling plaintiff to take the matter
to the circuit court. There it was determined that the
district court was in error. The defendant thereupon
wished to introduce an entirely new defense and try
the matter out on questions of fact. This, he is not per-
mitted to do: *Moser v. Jenkins,* 5 Or. 447; *Monroe v.
N. P. Coal Mining Company,* 5 Or. 509; *Byers v. Fer-
guson,* 41 Or. 77 (65 P. 1067, 68 P. 5); *Currie v. South-
ern Pacific Company,* 21 Or. 566 (28 P. 884); *Forbis v.
Inman Paulsen & Co.,* 23 Or. 68 (31 P. 204); *Waggy v.
Scott,* 29 Or. 386 (45 P. 774). The unbroken line of au-
thorities is in accordance with the foregoing. The only
case that would indicate a deviation from the rule is the
case of *Meyers v. Edwards,* 31 Or. 23 (48 P. 696). But
that opinion was written in conformity with Session
Laws, 1893, p. 38, which was repealed by Session Laws,
1899, p. 109, § 48.

Respondent contends that appellant waived his right
to insist upon his motion for a judgment, by filing a

reply to respondent's answer, and going to trial on questions of fact. Appellant filed motions and objected to the court permitting respondent to file an answer, an amended answer, and the second amended answer, and saved exceptions each time the court ruled against him. Appellant did not waive his right to have his case determined and disposed of in the manner provided by law.

*Wells v. Applegate,* 12 Or. 208 (6 P. 770), relied upon by respondent, is not in point. That was a case originating in the circuit court where defendant filed a second amended answer denying the material allegations of the complaint and setting up as new matter several counterclaims. Part of the new matter was stricken on motion and a demurrer to the remainder was sustained. Whereupon defendant filed a third amended answer containing only denials of the allegations of the complaint. The court held: "By filing the new answer, the former answer was in effect withdrawn and all motions and demurrers relating to it accompanied it."

██ Permitting respondent to raise entirely new issues in the circuit court over the protest and objections of appellant is not a mere irregularity which could be cured by verdict. It is hornbook law that an appellate court has only such authority and jurisdiction as is conferred upon it by statute. The circuit court while sitting as an appellate court on cases coming to it on appeal from the justice court has only authority to hear and determine substantially the same issues as were heard in the court below.

█ The judgment of the circuit court will be reversed and the cause remanded with instructions to enter judgment in favor of plaintiff for possession of the property

and, in case delivery be not had, for a judgment in the sum of $254.80, with costs.

It is so ordered.

———

KELLY, J. (dissenting.)   In the last paragraph of the opinion of the court a final judgment is ordered. The writer thinks that the record does not justify the entry of a judgment which will be a bar to further litigation upon the questions of the possessory rights to the property in suit and the damages sustained by the wrongful taking and detention.

"When a decision has been made sustaining or overruling a demurrer, unless the party against whom the decision is made be allowed to amend or plead over, judgment shall be given for the plaintiff or defendant, as the case may be, for such amount, or relief, or to such effect, as it appears from the pleadings he is entitled to.   *   *   *."   Section 2-1505, Oregon Code 1930.

No such provision of the code is to be found with respect to a decision sustaining or overruling a motion.

No demurrer is presented in this case. The trial in the circuit court should have been upon the issues tried in the court below: Section 7-510, Ibid. The terms of this last cited section limits the trial in this case to a hearing and determination of defendant's motion to dismiss the proceedings and plaintiff's motion to vacate and set aside the judgment of the district court. There was no motion for a judgment of default for want of an answer. Even if such an order might have been justified, the question of its propriety was not presented either by written application, as prescribed in section 2-1101, Oregon Code 1930, or otherwise. For that reason, it could not be held to be within the issues tried in the court below.

Whether the motion to dismiss, upon which this case was determined in the district court, is of a character which extended the time for answering or not, nevertheless, "courts are more favorable toward a defendant than a plaintiff in default": *McAuliffe v. McAuliffe,* 136 Or. 168 (298 P. 239); *Capalija v. Kulish,* 101 Or. 666 (201 P. 545); *Higgins v. Seaman,* 61 Or. 240 (122 P. 40), and,—"It has been the policy of this court in a long line of decisions, which it is not necessary to cite, to favor a trial upon the merits whenever there has been no long delay upon the part of the defendant in seeking relief": *Li Sai Cheuk v. Lee Lung,* 79 Or. 563 (146 P. 94, 156 P. 254).

"Where a motion made by the defendant is pending undisposed of, a judgment by default against him can not be taken, unless the determination of the motion either way could not affect the right of the plaintiff to proceed with the cause." 6 Ency. of Plead. & Prac. 93; Note to *Naderhoff v. George Benz & Sons,* 47 L. R. A. (N. S.), p. 863, et seq.

The tenable part of defendant's motion would not have affected plaintiff's right to proceed with the cause; but it has been held by this court that the pendency of a motion though not well taken is such an appearance as the law recognizes and extends the time for answering: *Mitchell v. Campbell,* 14 Or. 454 (13 P. 190). In passing upon defendant's motion to dismiss, the district court held that the complaint should have contained an allegation that plaintiff was entitled to the exclusive possession of the property in suit. While the writer agrees that this should not be adopted as a rule of pleading, he thinks that a motion which presents the question ought not to be deemed frivolous.

Under the doctrine that the circuit court cannot remand the cause to the district court (*Forbis v. Inman*

*Paulson & Co.,* 23 Or. 68 (31 P. 204)), only an order of reversal should be made. That would terminate the case; but such order not being based upon any valid hearing upon the merits, would not constitute a bar to further litigation upon the same subject between the same parties: *Terryll v. Bailey,* 27 Minn. 304 (7 N. W. 261); *Vaughan v. O'Brien,* 57 Barb. (N. Y.) 491; *Daley v. Mead,* 40 Minn. 382 (42 N. W. 85); *Miklauschutz v. Superior Court,* 16 Cal. App. 226 (116 P. 376).

This is a case wherein a learned and experienced district judge determined that defendant should prevail. A learned and distinguished circuit judge at first concurred therein. Later, at the unauthorized trial presided over by another learned and experienced circuit judge, a jury, after hearing the evidence, decided that defendant should prevail, not only as to the right of possession of the property in suit but also as to damages for its wrongful taking and detention.

The writer is unable to convince himself that merely because, in the stress of controversy, error of procedure was committed by the trial courts, this court should disregard the attitude of these jurists and the deliberate judgment of the jury on the merits and should now arbitrarily direct the entry of a judgment exactly contrary thereto without the aid of a syllable of testimony and without giving the defendant any effective opportunity to be heard.

On the contrary, the writer thinks the order of reversal should direct that the same be entered with the express condition that it be without prejudice.

Mr. Justice BAILEY concurs in this dissent.