Davis, Appellant, vs. Schumacher, Respondent.

*October 12—November 9, 1937.*

The cause was submitted for the appellant on the brief of *David M. Evans* of Waukesha, and for the respondent on that of *Matt Taylor* of Kenosha.

FAIRCHILD, J.   The defendant seeks to defeat plaintiff's claim by pleading a former judgment in the matter.   Even a final judgment is a bar to a subsequent action only as to grounds covered by it and the facts necessary to uphold it.

"The criterion is, was the same vital matter directly in issue and determined."   1 Herman, Estoppel and Res Judicata, p. 112, § 111.

The party relying upon the judgment has the burden of showing that the point in question was determined by it. 4 Jones, Evidence (1913 ed.), p. 889, § 600.

"Parties are not allowed to prove what is inconsistent with its [the judgment's] rectitude and justice, for while it stands unreversed it is final as to the points decided, but not in respect to matters which the record itself shows were not in question, and therefore when a cause has gone off for some defect, which precluded an inquiry into its merits, the judgment is usually no bar to a second action."   1 Herman, Estoppel and Res Judicata, p. 105, § 105.

In determining the real issue decided, resort may be had to the record of pleadings and proceedings as well as to the recorded judgment.   *Gowan v. Hanson,* 55 Wis. 341, 13 N. W. 238; *Terryll v. Bailey,* 27 Minn. 304, 7 N. W. 261; Bower, Res Judicata, pp. 113–115, §§ 173–175.   That the merits of the matter were not considered in the case wherein the decision relied upon by defendant as *res judicata* was made appears clearly from the record of the judgment and pleadings and proceedings there preserved.   The particular issue passed upon by the court related only to the propriety of maintaining that action at that time.   The

action was dismissed in the municipal court on the plea in abatement, the ruling of that court being in the following language:

"By the Court:—'I hold that inasmuch as there is another action growing out of this matter that is to be taken up on Monday, and attorney for plaintiff has claimed that the other court had no jurisdiction, I will grant motion of defendant to dismiss this action, and allow him costs.' Whereupon it is forthwith adjudged that this action be dismissed, that the defendant is entitled to the possession of the property described in the complaint, that the same has not been unjustly detained."

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.