[Argued December 31, 1896; decided May 1, 1897.]

## MEYER *v.* EDWARDS.

(48 Pac. 696.)

</div>

AMENDING PLEADINGS ON APPEAL FROM JUSTICE'S COURT — CONSTRUCTION OF STATUTE.—The amendment of 1893 ( Laws 1893, p. 38 ), which repeals the provision of the Justice's Code, c. 9, ? 80, limiting amendments in the circuit court on appeal to such as did not substantially change the issues in the justice's court, provides that no formal or written pleadings shall be required in justice's courts; that the pleadings may be either oral or in writing; and that "the bill of items of the account sued on or filed as a counterclaim or set-off, or the statement of the plaintiff's cause of action or of the defendant's counterclaim or set-off or other ground of defense filed before the justice, may be amended upon appeal in the appellate court to supply any defect, deficiency, or omission therein by filing formal pleadings therein, when by such amendment substantial justice will be promoted,"—the only limitation in terms being that "no new item or cause of action not embraced or intended to be included in the original account or statement" shall be added by amendment. *Held*, that the right of amendment is not limited to cases in which the pleadings were oral, nor to such amendments as will not change the issues, but that a defendant may, by leave of court, on appeal, file an amended answer, raising a defense which he omitted to plead in the court below, when substantial justice will be thereby promoted: *Waggy* v. *Scott*, 29 Or. 386, distinguished.

MR. CHIEF JUSTICE MOORE, dissents.

From Multnomah: E. D. SHATTUCK, Judge.

Action at law by the firm of Meyer & Strom against H. E. Edwards. Plaintiffs had a judgment, hence this appeal.

<div align="right">REVERSED.</div>

For appellant there was a brief over the names of *Martin L. Pipes* and *Clarence W. Avery,* with an oral argument by *Mr. Pipes.*

For respondents there was a brief over the name of *McGinn, Sears* and *Simon,* with an oral argument by *Mr. Nathan D. Simon.*

Opinion by MR. JUSTICE BEAN.

This is an action commenced in a justice's court for rent of certain premises in the City of Portland, alleged to have been leased by plaintiffs to the defendant. The complaint is in the usual form, and the answer consists of specific denials of the allegations thereof. The trial in the justice's court resulting in a judgment for plaintiffs, the defendant appealed to the circuit court, and there moved for permission to amend his answer by adding thereto an affirmative defense to the effect that the premises were leased by plaintiffs to one May Hastings as a bawdy-house, and that defendant executed the lease for her as surety only; that as soon as he was informed of the character of the agreement between the plaintiffs and said Hastings, and the purpose for which the building was being used, he refused further to be bound by his contract, and immediately notified the plaintiffs to that effect; but the court overruled the motion on the ground that the amendment would substantially change the issues tried in the court below, and this ruling is the only assignment of error necessary to consider at this time. No question is made as to the sufficiency of the facts pleaded in the proposed

amended answer to constitute a defense to the action, or of the propriety of the amendment, if it can lawfully be made; but the contention for the plaintiffs is that under the justice's act of 1893 (Laws 1893, p. 38), only oral or informal pleadings in a justice's court can be amended in the circuit court on appeal, and that no new defense can be introduced by such amendment. This is, in our opinion, too narrow and technical a construction of the act referred to. It is obviously designed, as its title implies, to simplify proceedings in justice's courts, and to remedy what was regarded as a serious defect in the old law, which limited amendments by the appellate court to such as did not substantially change the issues tried in the court below: Chapter 9, § 80, of the Justice's Code. The section containing this limitation on the power of the circuit court to permit amendments of pleadings in cases brought to that court by appeal from justice's courts was expressly repealed by the act of 1893, and in lieu thereof it is provided that in all cases on appeal "the bill of items of the account sued on or filed as a counterclaim or set-off, or the statement of the plaintiff's cause of action or of the defendant's counterclaim or set-off, or other ground of defense filed before the justice, may be amended upon appeal in the appellate court to supply any defect, deficiency, or omission therein by filing formal pleadings therein, when by such amendment substantial justice will be promoted." The only limitation upon this power to be found in the law is the latter clause of section 7, to the effect that "no new item or cause of action not embraced or intended to be included in

the original account or statement " shall be added by
amendment.   The conclusion is therefore irresistible
that the legislature intended by the act of 1893, to en-
large the powers of the circuit court in the matter of
amendments to such pleadings.   And in view of these
considerations, it should be construed liberally for the
suppression of the mischief sought to be obviated, and
the advancement of the remedy intended.

It will be observed that the statute not only pro-
vides that the bill of items of the account sued on or
filed as a counterclaim or set-off may be amended;
but that the statement of plaintiff's cause of action
or of the defendant's counterclaim or other ground
of defense may also be amended; and this is certainly
broad enough to include any pleading coming from
a justice's court.   Indeed, under our procedure, the
most formal written pleading is nothing more than a
plain and concise statement of plaintiff's cause of ac-
tion, or of defendant's ground of defense, and hence it
is clear that the legislature did not intend by this
statute to make any distinction in the right of amend-
ment based on the mere form of the pleading.   In
construing the statute, it must be borne in mind that
it is remedial in its nature, and that the old law, the
mischief, and the remedy provided, must be alike kept
in view.   Before its passage, cases taken to the circuit
court on appeal from a justice's court were tried on
substantially the same issues as in the court below,
and this had been regarded for years by the profes-
sion as a serious hindrance to the administration of
justice.   It was to remedy this mischief that section
7 was embodied in the act of 1893, and it seems to us

to be susceptible of such an interpretation as will accomplish the purpose designed. The elimination of the restrictive words "so as not to substantially change the issues tried in the justice's court or introduce any new cause of action or defense," is another significant circumstance suggestive of the legislative intent. These words are not to be found in the new law, either in terms or in substance, and hence the conclusion is obvious that the legislature intended to change the rule by the omission. Reading the act of 1893, so far as applicable to the matter now in hand, it provides that "the statement * * * of the defendant's counterclaim or set-off, or other ground of defense, filed before the justice, may be amended upon appeal in the appellate court to supply any defect, deficiency, or omission therein by filing formal pleadings therein, when by such amendment substantial justice will be promoted." Giving to this language the liberal construction due to a remedial statute, it seems plainly to mean that a defendant may, by permission of the circuit court, file an amended answer in that court, raising a defense which he omitted in the court below, when by such amendment substantial justice will be done.

Much stress is laid on the fact that the statute provides that the amendment shall be made "by filing formal pleadings," and from this it is argued that it must necessarily refer to oral or informal pleadings, because, if they were formal, there could be no room for an amendment of the character designated in the act. But when we look at the whole act it is apparent that it intends to treat all the proceedings in a

justice's court as informal, and contemplates that whether the pleadings therein be oral or written, or whatever their form, they are not to be judged by the technical rules prevailing in courts presided over by men learned in the law, aided and assisted by skillful counsel. The plain import of the statute is that the justice may try the cause between the parties before him without regard to technical rules; and then, if his judgment is not satisfactory to either party, the whole controversy may be taken to the circuit court on appeal, reduced to proper form, subject to the limitation heretofore noticed, and there determined according to the more accurate rules of procedure. Under any other view, the legislature, instead of enlarging the rule and remedying the existing mischief, as it evidently intended to do, has inadvertently produced the opposite result, and made matters even worse than before. Under the act as interpreted by the court below, if the defendant in a justice's court files a written pleading, and in good faith attempts to state his defense to an action brought against him, and, either through the ignorance or mistake of himself or his attorney, omits to get all his defense there stated in some form, he cannot supply the ommission in an appellate court by an amendment, however meritorious it may be. Such construction of section 7 of the act of 1893 would greatly impair its usefulness. As we understand this act, pleadings on an appeal from a justice's court, whatever their form, may, by permission of the circuit court, be now amended whenever, by such amendment, substantial justice may be done, except that the plaintiff cannot be permitted to intro-

duce any new items or cause of action not embraced or intended to be included in the original account or statement as filed by him. Nor does this construction of the statute conflict with the decision in *Waggy* v. *Scott*, 29 Or. 386, (45 Pac. 774,) although it is not in harmony with some of the reasons given therefor in the opinion. In that case the question was whether the circuit court could permit an answer to be filed in that court for the first time, and it was ruled that it could not, for the very reason that there was no statement made or filed in the court below which could be amended. Before there can be an amendment there must evidently be something to amend. But where a defendant appears in a justice's court, and makes a defense to the action on the merits, whether his pleading is oral or in writing, or however formal it may be, the circuit court has power, under the act of 1893, to allow him to file an amended answer in that court, setting up a new and additional defense. That this was the evident purpose of the act can hardly be questioned. This construction certainly promotes substantial justice, because, unless a defendant can amend his answer so as to present a defense in an action then pending, which he has omitted through excusable neglect or inadvertence, he is forever barred from making such defense, and must suffer a judicial wrong. And this, it seems to us, is the reason the legislature was particular to confine the provisions of the latter clause of section 7 to proposed amendments to the cause of action, and not the defense; for, if a plaintiff should omit some particular item or cause of action, the judgment would probably not be a bar to a subsequent ac-

tion thereon, while, if the defendant is not permitted to make his defense to an action while pending, it cannot avail him thereafter. Entertaining these views, it is apparent that the court below erred in not allowing defendant to file an amended answer as requested, and for this reason the judgment must be reversed, and remanded for further proceedings not inconsistent with this opinion.

REVERSED.

MR. CHIEF JUSTICE MOORE, (dissenting).

Regretting that I cannot assent to the conclusion reached in this case by my associates, and believing that any oral or informal pleadings in a justice's court can be amended in the circuit court on appeal, and that no new defense can be introduced by such amendment, I shall discuss what seems to me to be the legislative intent, so far as it can be ascertained from an examination of the act of 1893 (Laws 1893, p. 38). This act provides, in substance, that no formal or written pleadings are required in a justice's court, but that they may be either oral or in writing; and, when the former, the justice may enter the substance thereof in his docket, and, if the action be upon a written instrument or account, the original or a copy thereof shall be filed before process shall issue. If the defense or counterclaim relied upon be founded upon a written instrument or account, the defendant shall, before trial, file the same or a copy thereof with the justice; and whenever an appeal from a judgment rendered in a justice's court is perfected, the circuit court shall proceed to hear and determine the cause

anew, disregarding irregularities and imperfections in matters of form which may have occurred in the proceedings in the justice's court. In all cases of appeal, the bill of items of the account sued on or filed as a counterclaim or set-off, or other ground of defense filed before the justice, may be amended upon appeal in the appellate court to supply any defect, deficiency, or omission therein by filing formal pleadings, when by such amendment substantial justice will be promoted; but no new item or cause of action not embraced or intended to be included in the original account or statement shall be added by such amendment.

That this act was designed to simplify proceedings in a justice's court must be admitted, but that it was intended by the repeal of section 80 of chapter 9 of the Justice's Code, and the adoption of section 7 of the act in question in lieu thereof, to enlarge the powers of the circuit court in the matter of amendments may well be doubted. Such power is expressly limited by the latter clause of section 7, which provides that "no new item or cause of action not embraced or intended to be included in the original account or statement" shall be added by amendment; and it will be observed that it is further limited and exclusively confined to cases on appeal in which no formal pleadings have been filed in the court below. Section 1 of this act, in prescribing the manner of alleging a probative fact in a justice's court, declares that "no formal or written pleadings are required." It would thus seem that the legislative assembly has defined the term "formal pleadings" to mean written

pleadings, and thus, impliedly at least, provided that
no written or formal pleading could be amended on
appeal to the circuit court; for, if the legislative as-
sembly had intended by the act of 1893 to confer up-
on such court the same power over the formal plead-
ings in an action removed thereto by appeal which it
has in an action originally commenced therein, it
would have so provided in the statute, or retained the
old law on the subject.

It is claimed that the act in question, being re-
medial, should receive a liberal construction, and such
is undoubtedly the general rule, but, when there is no
ambiguity in the provisions of a statute, there is no
room for judicial construction. The nearest approach
to equivocal language, and the only reason that can
possibly be assigned for allowing the proposed amend-
ment, is to be found in the latter clause of section 7,
to the effect that "no new item or cause of action, not
embraced or intended to be included in the original
account or statement, shall be added by such amend-
ment." The omission of the words "or defense, coun-
terclaim or set-off," after the word "action," in the
sentence quoted, leaves an inference, upon a casual
examination, that, while the legislature intended to
prohibit the plaintiff from introducing a new cause of
action not embraced or intended to be included in the
original account or statement, it granted permission
to the defendant to interpose as many defenses,
counterclaims, or set-offs by amendment in the circuit
court on appeal as he saw proper to avail himself of.
But when the entire statute is read in the light of the
limitations and qualifications therein contained, it

will be perceived that the word "statement" alludes to the oral declaration made by the plaintiff or defendant of the facts constituting his cause of action, or defense, counterclaim or set-off, the substance of which is entered by the justice in his docket, and that such "statement" may be amended in matters of form only, by filing formal pleadings, when by such amendment substantial justice will be promoted.    Now, since the addition of a new defense, counterclaim or set-off, not embraced or intended to be included in the original account or statement, would amount to an amendment in matters of substance, the inference raised by the omission of the words hereinbefore stated is dispelled, and it becomes manifest that the defendant has no more right to insist upon an amendment stating any matter omitted by him than has the plaintiff, and evidently the legislature intended that the circuit court on appeal should confine itself to the trial of the issues joined in the court below.

But, aside from this phase of the case, the court in this instance was powerless to allow the proposed amendment for the following reasons:  ( 1.)  It will be observed that upon the appeal being perfected "the circuit court shall proceed to hear, try, and determine the cause anew, disregarding irregularities and imperfection in matters of form which may have occurred in the proceedings in the justice's court."   Now, since the cause is tried *de novo* on appeal, without regard to any action of the justice's court, the proceedings referred to in the language quoted must necessarily mean the pleadings in the action, and, this being so, the trial court would have power to allow

amendments correcting irregularities and imperfections in matters of form, but under the maxim "*expressio unius est exclusio alterius*," it must necessarily be an implied prohibition against the allowance of any amendment in matters of substance. The answer filed in the justice's court contained a specific denial of the allegations of the complaint, while the amendment, if allowed, would have introduced in the appellate court an allegation of new matter constituting an independent defense, and, this being so, it will scarcely be denied that the proposed improvement in the pleading went to the merits of the case, and for this reason was a matter of substance. ( 2.) It is argued with much force in the prevailing opinion that a written pleading is but a statement of plaintiff's cause of action, or of the defendant's ground of defense; and, based upon this definition of the word, it is claimed that the legislature, by permitting the "statement" to be amended on appeal, did not intend that any distinction should be made between written and oral pleadings, but that they should be alike subject to amendment on appeal. It may be admitted that the conclusion reached might be deducible from the reason adopted if the major premises used were universally true, but it is only partially so; for it is the complaint only that shall contain a plain and concise statement of the facts constituting the cause of action (Hill's Ann. Laws, § 66), while the answer shall contain a specific denial of each allegation of the complaint, and may contain a statement of new matter constituting a defense or counterclaim: Hill's Ann. Laws, § 72. The statute has here limited the word

"statement," as applied to pleadings, and practically defined it to mean an affirmative allegation of a material probative fact constituting a cause of action or a defense or counterclaim; and hence it must be presumed that the legislative assembly in adopting the word, as applied to the matter of presenting issuable facts, used it in this restricted sense. As a corollary, it would seem to follow that since the answer contained a specific denial only of the material allegations of the complaint and not an affirmative allegation of a material fact constituting a defense or counterclaim, it was not a "statement" within the meaning of the act of 1893, and therefore not subject to amendment on appeal. For these reasons the judgment, in my opinion, should be affirmed.

<div align="right">Affirmed.</div>