Argued 19 December, 1898; decided 30 January, 1899.

## ROBINSON *v.* CARLON.

[55 Pac. 959.]

VERITY OF RECORD.—*Prima facie* a certified record recites the facts, it imports verity; thus, where a transcript states that after a certain pleading had been filed, the cause "was tried by a jury upon the issues joined by the pleadings," the appellate court must infer that the particular pleading was a factor in the trial, though the party who filed it insists that it was used only in determining a motion.

HARMLESS ERROR.—The prevailing party cannot complain that certain papers or pleadings presented by the other side were considered, for no injury resulted if error was committed.

SUPPLEMENTAL COMPLAINT—ACCORD AND SATISFACTION.—Matters pertinent to the issues, and which may prove controlling in the final disposition of the cause arising subsequent to the judgment in the justice's court, are not precluded from the consideration of the circuit court upon appeal, but may appropriately be brought onto the record by a supplemental complaint: *Meyer* v. *Edwards*, 31 Or. 28, distinguished.

SUFFICIENCY OF SUPPLEMENTAL COMPLAINT.—A supplemental complaint filed in the circuit court after defendant had appealed, setting up an accord and satisfaction entered into after the judgment was rendered, is sufficient without setting up the original cause of action, since the two papers are not designed to accomplish the same purpose.

From Douglas :   J. C. FULLERTON, Judge.

This is an action by L. T. Robinson for the possession of a horse, commenced in a justice's court, the complaint containing the allegations usual and essential in such a case. The defendants answered separately by specific denials. As a further defense, William Carlon alleges that the horse was not, at the commencement of the action, in his possession, nor under his control, and J. W. Carlon set up that he had the lawful possession of the property, and was entitled thereto as owner. Trial was had, which resulted in a judgment for plaintiff. After judgment, but of the same date, the justice made an entry in his docket to the effect that the parties had settled the controversy, and that by mutual consent the

defendants were to surrender the property to plaintiff, and pay the costs, and plaintiff to relinquish his claim for damages. The defendants, however, perfected an appeal to the circuit court, and the plaintiff there interposed a motion to dismiss the same upon the ground that it appeared from the transcript that the case had been settled by the parties, and that the right of appeal had been thereby waived. This motion was denied. Thereupon, by leave of the court, the plaintiff filed a supplemental complaint, setting up that since filing the original complaint, to wit, on March 11, 1896, the plaintiff and defendants had settled all matters in dispute, the defendants then agreeing to deliver the horse in controversy to plaintiff, and pay the costs of the action, and plaintiff agreeing to relinquish his claim for damages, and not to issue execution for costs within ninety days, and that in pursuance of said settlement the defendants delivered up the horse to plaintiff, who received the same, and relinquished his claim for damages, and has refrained from the issuance of execution, although more than ninety days had elapsed. The prayer is for judgment as demanded in the original complaint, and for the costs and disbursements. To this complaint a demurrer was filed and overruled, and defendants answered by denying the allegations *in toto*. Thereupon a trial was had, resulting in a verdict and judgment in favor of plaintiff for the recovery of the horse, but without damages, and the defendants appeal to this court.

AFFIRMED.

For appellants there was a brief over the names of *J. W. Hamilton* and *E. D. Stratford*, with an oral argument by *Mr. F. W. Benson*.

For respondent there was a brief over the names of *A. M. Crawford* and *W. R. Willis*, with an oral argument by *Mr. Crawford*.

MR. CHIEF JUSTICE WOLVERTON, after making the foregoing statement of facts, delivered the opinion of the court.

Error is assigned touching the action of the circuit court in permitting the supplemental complaint to be filed therein, and of this we will now inquire. The matter pleaded, if true, is an effective accord and satisfaction had and entered into between the parties to the action subsequent to the judgment in the justice's court, and prior to the taking of the appeal therefrom. It was sufficient to support the motion for the dismissal of the appeal, and yet it was a substantial plea in bar of the defense theretofore interposed by defendants against plaintiff's cause of action, except as it pertained to the question of damages. At the argument it was insisted, on the part of the plaintiff, that the only purpose of filing the so-called supplemental complaint, and the only use made of it in the court below, was to induce a dismissal of the appeal. But in the light of the record, it appears that the cause "was tried by a jury upon the issues joined by said pleadings," and we are bound to infer that the supplemental pleadings entered into and constituted a factor in the trial before the jury. The prayer of the supplemental complaint would indicate that such had even been the purpose of the pleader in interposing it. But the court refused to dismiss the appeal, and, its action in that regard being favorable to appellants, they could not complain upon that ground.

It is urged, however, that the supplemental complaint tendered a new issue in the circuit court, which rendered

its filing objectionable, and in this connection we may determine its sufficiency as tested by the demurrer thereto. That it tendered a new issue, and was so designed, there can be no question. But the issue was touching matter that arose subsequent to the entry of judgment in the justice's court, and which, if true, was a complete bar to any further proceedings in the cause, as the whole controversy had been settled out of court, and neither party should be thereafter contending for trial in the circuit court or elsewhere upon issues that did not exist in fact, and upon which no real controversy was depending. In the late case of *Meyer* v. *Edwards,* 31 Or. 23 (48 Pac. 696), Mr. Justice BEAN, who wrote the prevailing opinion, in passing upon the amended act regulating the practice in justices' courts, says : ''The plaintiff cannot be permitted to introduce any new items or cause of action not embraced or intended to be included in the original account or statement as filed by him.'' This, however, has reference to matter existing at the time of the commencement of the action, and which might have been insisted upon at that time in support thereof, and not to matter subsequently arising which might be determinative of the cause. The trial in the circuit court is anew, and it is believed that it was not intended by such practice act to deprive either party from there insisting upon any matter pertinent to the issues, and which might prove controlling in the final disposition of the cause which may have arisen subsequent to the formation of the issues and judgment in the justice's court. The novelty of the case consists in the plaintiff's insisting upon the plea of accord and satisfaction. If it was in the court of original jurisdiction, he could have dismissed his action, and that would be the end of the case, which it was the purpose of the accord to accomplish. But upon the appeal the defend-

ants have become the actors, and the plaintiff could not dismiss the case upon his own motion, and it would seem that he ought to have the advantage of the accord and satisfaction in some manner, so that he may be relieved of the judgment which the defendants were insisting upon having entered in the circuit court in the face of their deliberate settlement of the case out of court. Not to allow the plea and the new matter to be considered would work a grave injustice upon the plaintiff after he had been led to suppose that his case was absolutely and finally settled upon satisfactory terms. In this light it was quite proper to permit the supplementary complaint to be filed, and, as it was not designed, nor was it essential, to set up the cause anew, but only such matters affecting the case as had arisen subsequent to the entry of judgment in the justice's court, said complaint was quite sufficient, and the demurrer thereto was rightly overruled. Judgment should be affirmed.

AFFIRMED.