Argued February 6, affirmed March 11, 1964

# STATE OF OREGON *v.* KNIGHTEN

390 P. 2d 166

*Julian Herndon, Jr.,* Portland, argued the cause for appellant. With him on the brief were Buss & Pihl, Portland.

*Vincent G. Ierulli,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, and Lou Williams, Deputy District Attorney, Portland.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Lusk, Justices.

O'CONNELL, J.

Defendant was convicted in the municipal court of the city of Portland of the crime of assault and battery. He appealed to the circuit court for Multnomah county where he was tried before a jury and convicted of the crime of assault and battery. He appeals from the latter conviction.

Defendant assigns as error the trial court's refusal to grant his motion for a directed verdict of acquittal. The assault and battery with which defendant is charged was committed while he was being arrested

by a police officer. The arrest was without a warrant. Defendant contends that the arrest was illegal and that the force he used in resisting the illegal arrest was reasonable.

■ There is sufficient evidence to establish that defendant was arrested for the theft of a suit having a value of $145. The crime, if proved, would constitute a felony. ORS 133.310 provides that:

"A peace officer may arrest a person without a warrant:
"* * * * *

"(3) When a felony has in fact been committed * * * and he has reasonable cause for believing the person arrested to have committed it * * *."

The jury was instructed that to constitute a lawful arrest in this case, two things must have occurred: (1) A felony amounting to larceny of property worth more than $75 must have been committed; (2) The arresting officer must have had reasonable grounds for believing that the defendant had committed such a crime.

■■ Defendant was not charged with a felony; he was charged with petty larceny. But this is immaterial since the validity of the arrest does not depend upon a showing that defendant committed a felony, or any other crime. The felony which, under ORS 133.310 (3) must be shown to have been committed, need not have been committed by the person arrested. The arrest is lawful if a felony has in fact been committed by anyone and the arresting officer has reasonable cause for believing that the person arrested committed it. There was substantial evidence in the present case to establish both of these elements.

It is further contended that when defendant was

arrested he was not informed of the charge for which he was being arrested.[1] There is evidence to the contrary. Defendant's own testimony indicates that he was informed of the cause of the arrest.[2]

■ Error is assigned on the ground that the suit which was the subject matter of the alleged crime had not been properly identified. We have carefully examined the testimony and find it sufficient to support the conclusion that the suit introduced into evidence was the same as that which was stolen.

■■ Defendant contends that the trial in the municipal court did not satisfy the requirement of due process under either the United States or Oregon Constitutions. It is unnecessary to decide whether the contention is supported by the evidence because it is undisputed that the trial in the circuit court was in accordance with the constitutional standard of due process. Upon appeal from the municipal court the cause is tried de novo "as if originally commenced in such court" (ORS 53.090). Once the case has been tried in the circuit court the inadequacy of the procedures in the municipal court are no longer material.

The judgment is affirmed.

---

[1] Defendant relies upon ORS 133.330 which reads as follows:
"When arresting a person without a warrant the officer shall inform him of the officer's authority and the cause of the arrest, except when he is in the actual commission of a crime, or is pursued immediately after its commission, or an escape."

[2] "* * * [W]hen Mr. Haslett first stopped me that's—and they—he said that I stole something out of the store, and I pulled my coat and let him observe that I didn't have anything. Then, I showed him the suit, and then Mr. Armstrong said that I stole the suit, and I says, I said, 'Well, I didn't steal the suit,' and I told him I bought the suit, and that's when the shoving came about, and Mr. Armstrong, I said he shoved on me, 'so get over there,' 'I'm going to take you, I'm going to put you under arrest,' and I said, 'Yeah,' and he shoved me against the wall, and I shoved him back."