Allen Murray Myers, J.
On September 23, 1966, plaintiff commenced an action against the defendant, Judy Eva Herskowitz, hereinafter referred to as the wife, and on November 2, 1966 commenced another action against the defendant Bernard Herskowitz, hereinafter referred to as the husband, by the issuance of two summonses with identical long-form complaints. The complaints alleged that “ on or about Aug. 9, 1965 plaintiff and defendant entered into an agreement whereby goods, wares and merchandise were to be sold upon an open account. That the defendant agreed to pay an agreed price for articles so purchased, but failed to do so, and there is now an unpaid balance of $880.52 which is past due and owing from the defendant to the plaintiff. That there is additionally due and owing the sum of $176.10, being 20% of the balance due upon account as attorneys’ fees, pursuant to the agreement between the parties ” and demanded judgment in the sum of $1,056.62. The wife’s answer interposed a general denial, while the husband’s answer in addition to the general denial asserted affirmatively that he never made any agreement or purchases. Both actions were subsequently consolidated and tried together by the court without a jury.
At the trial both defendants moved to cross-claim against each other for judgment over in the event that a judgment were rendered against them; and, in addition, the wife moved to amend her answer to admit the purchases but to plead that they consisted “ solely of necessaries for herself and her two *849 children for which her husband was solely responsible ”. These motions, upon which the court reserved its decision, are now granted.
The parties were married on June 10, 1956 and separated on or about October 1, 1965. Their two children, aged one and one-half and seven, remained with the wife. On July 14, 1965, the wife commenced a proceeding under article 8 of the Family Court Act for an order of protection and on September 20, 1965 under article 4 for support, and both proceedings were consolidated on the latter date.
Thereafter, on November 5, 1965, the Family Court issued a temporary order of support for the wife and the children, directing the husband to pay $53 per week plus $210 per month for rent and utilities, which totaled approximately $105 per week. On June 10, 1966 another temporary order increased the weekly alimony to $80 in addition to the $210 per month, making a total of approximately $132 per week, and on July 14, 1966 a permanent order was issued which increased the alimony to $150 per week. It is undisputed that the husband had at all times complied with each of these orders.
While the parties were separated and during the period from November 10, 1965 to March 21, 1966, when the first temporary order was in effect, the wife made the purchases from plaintiff pursuant to the agreement with plaintiff, which only she signed on August 5, 1965.
The questions presented to the court are as follows:
1. Can the husband be held liable for the goods sold and delivered to the wife at her sole instance and request on the ground either that he authorized them or that they were necessaries for which the husband was exclusively liable? (See Rudnick v. Tuckman, 1 A D 2d 269.)
2. Was the award made by the temporary order of the Family Court the full measure of the wife’s right to and the husband’s obligation for necessaries?
The husband cannot be held liable under any theory. Plaintiff did not have any agreement with the husband nor did it sell him any goods on credit. Neither did the husband ever authorize plaintiff to extend credit to his wife, nor did he ever ratify his wife’s purchases or agree to pay for them.
Plaintiff failed to prove any agency, express or implied, by which it could hold the husband. While the wife attempted to spell out such an express agency, her testimony to that effect is rejected as incredible under the circumstances as they existed at the time. An agency by implication might have arisen if the *850 parties had been living together, the wife, with the husband’s knowledge and implied or express consent, had been making purchases for her family from plaintiff on a charge account, and the husband had always paid the bills.
But, in the case at bar, the parties were separated, neither of them had ever had a charge account with plaintiff before the separation, the wife opened the charge account in her own name, and she did not even attempt to purchase upon her husband’s credit. Even if she had, “when she [wife] goes to a stranger, with whom she has never traded before and where consequently there is no implied authority on the part of the husband to give her credit, and seeks to purchase upon her husband’s credit, it is but reasonable and proper that she disclose to the merchant her authority therefor, or for the merchant to request such disclosure. ” (Wanamaker v. Weaver, 176 N. Y. 75, 83.)
Where, as here, there was no evidence of any such authority to pledge the husband’s credit he cannot be held liable for his wife’s purchases. (See Saks & Co. v. Orenstein, N. Y. L. J., Nov. 1, 1967, p. 21, col. 2 [N. Y. City Civ. Ct.].)
Having come to the conclusion that the husband could not be held liable on any contractual basis, express or implied, we now come to the question of whether he could be held liable on the theory that the purchases were necessaries for his wife and children which he failed to supply or for which he failed to furnish the funds, the Family Court order notwithstanding.
In the case at bar there was no evidence that the wife lacked any of the articles which she had purchased from plaintiff or of the amount which she possessed. She based her contention that her purchases were necessaries solely upon the allegation that the amount awarded her by the temporary order of the Family Court was insufficient to adequately maintain herself and her two children. This then raises the question of the effect of the temporary order of the Family Court. Where, as here, the husband has fully complied with such an order of support, has he discharged his responsibility to make reasonable and adequate provision for necessaries?
The question must be answered in the affirmative. The principle was well stated by Judge Cardozo in Turner v. Woolworth (221 N. Y. 425, 428 — 429) as follows: “ On motion of the wife in the divorce suit and again in the suit for separation, the court fixed the fees which the husband was to pay. She chose her tribunal and her remedy. The award then made became * * * the measure of her rights and of her husband’s obliga *851 tion. There was ample power to increase the award, if thereafter it appeared to be inadequate. That power, indeed, was exercised, and there were new orders from time to time. But until increased, the award was final. Counsel were no longer at liberty, disregarding the limit of the orders, to hold the husband to his common-law liability for necessaries furnished. * * * She invoked a summary remedy, and must abide by the result. * # * The rule is that alimony, when allotted, measures the husband’s duty of support. * * * Any other conclusion might load in practice to gross abuses. There would be little end to litigation if such orders settled nothing. ”
An award of temporary alimony no matter how inadequate fully measures the husband’s common-law liability for support. (Turner v. Woohworth, supra; see, also, Heyman v. Heyman, 175 Misc. 69, affd. 261 App. Div. 814; cf. Karminski v. Karminski, 260 App. Div. 491.)
However, the wife urges upon the court a distinction between a temporary order for alimony issued "by the Supreme Court in a pending matrimonial action and a similar order issued by the Family Court. In support of her position she"cites the case of Murray v. Murray (47 N. Y. S. 2d 837), a 1944 decision of the old Domestic Relations Court. But that case was decided upon the basis that the Domestic Relations Court was a court of limited and summary jurisdiction. That is not the case with the present Family Court, which was established in 1962. The Family Court is now a court of record and the new judiciary article of the State Constitution gives the court jurisdiction to determine, with the same powers as are possessed by the Supreme Court “ applications to fix temporary or permanent support ” (N. Y. Const., art. VI, § 13). Furthermore, the Family Court now has exclusive jurisdiction over support proceedings (Family Ct. Act., § 115, subd. [a], par. [ii]; but, see, Kagen v. Kagen, 21 N Y 2d 532) and there is no longer any arbitrary limitation on the amount of support which it can award (Family Ct. Act, art. 4). It would appear, therefore, that it would be salutary to make applicable to temporary support orders of the Family Court the same law which is applicable to temporary support orders of the Supreme Court.
Judgment is therefore granted in favor of plaintiff against defendant Judy Eva Herskowitz for the amount demanded in the complaint and dismissing her cross claim against the defendant Bernard Herskowitz; and in favor of the defendant Bernard Herskowitz against plaintiff dismissing the complaint in the action against him.