Submitted on record and briefs January 10, affirmed
July 2, 1969

STATE OF OREGON, *Respondent, v.*
KARL NATHAN RUSH, *Appellant.*
456 P2d 496

Porter & Bach, Eugene, for appellant.

John B. Leahy, District Attorney, and J. Pat Horton, Deputy District Attorney, Eugene, for respondent.

PER CURIAM.

The defendant Karl Nathan Rush entered a plea of not guilty in the District Court for Lane County for the crime of driving while under the influence of intoxicating liquor. The district court found him guilty and he appealed his conviction to the Circuit Court of Lane County. Before trial in the circuit court, defendant filed a motion in the circuit court to set aside the complaint for the reason that it failed to conform to the statutory requirements for traffic complaints. The motion was denied. The same motion was renewed at the time of trial and again denied. Defendant waived a jury, was tried, convicted and sentenced to imprisonment in the county jail for sixty days. From this conviction defendant has appealed to this court.

Defendant assigns as error the order denying his motion to set aside the complaint.

ORS 484.150 requires that traffic citations contain the date on which the citation was issued and provides that a complaint portion of the citation not containing such date shall be set aside upon motion by the defendant "before plea." The complaint in this case included the date of the offense and did not include any other date. In particular it was undated in the special block provided for that purpose immediately preceding the signature of the certifying officer.

The parties agree that the complaint here is sufficient if this particular defect in form is not objected to by motion "before plea" as required by the statute. Defendant contends that the motion is "before plea" if

made before trial de novo in the circuit court on an appeal from the district court. Plaintiff contends that defendant made his plea when he pleaded not guilty in the district court, that the defect was thus waived, and defendant's motion was not timely.

■■ Defendant's contention is without merit and is based on a misunderstanding of the appeal process from judgments of the district court. The trial in the circuit court is de novo, but it is a trial on the issues as determined in the district court proceeding being appealed from. ORS 53.100; *Higgins v. Fields*, 150 Or 528, 534, 47 P2d 235; *Byers v. Ferguson*, 41 Or 77, 82, 65 P 1067, 68 P 5. Except for minor amendments as provided in ORS 53.100, pleading *prior* to the trial of the appeal in the circuit court is *assumed* by the statutes. Thus, "before plea," as used in ORS 484.150 as applied to this case means before the plea made in the district court.

■ Defendant further contends that the traffic complaint here is to be deemed an indictment for testing its sufficiency, and that the complaint so tested is defective. The law is clearly otherwise. ORS 484.170 provides that the traffic complaint is sufficient "[e]xcept as provided in this section" if it contains certain enumerated items, all of which were in the complaint in this case. The Oregon uniform traffic citation and complaint is not controlled by the statutes which apply to indictments. *State v. Waggoner*, 228 Or 334, 365 P2d 291 (1961).

Affirmed.