Argued January 28, reversed with directions April 4, 1972

CREDIT SERVICE COMPANY, *Appellant, v.*
DOROTHY A. STIERLY, *Defendant,* ERNEST P.
STIERLY, *Respondent.*

495 P2d 270

*Morton A. Winkel,* Portland, argued the cause and filed the briefs for appellant.

*Stephen B. Herrell,* Portland, argued the cause for respondent. With him on the brief were McMenamin, Jones, Joseph & Lang, Portland.

HOWELL, J.

Plaintiff first filed this action in the district court against defendants, a divorced husband and wife, to recover the purchase price of merchandise purchased by the wife during the marriage. Service of summons was made on the husband only.

The defendant husband filed a general denial and also alleged as an affirmative defense that he and his wife separated in September, 1968, and were di-

vorced on March 21, 1969, and that he was not responsible, under ORS 108.040(3), for debts incurred by Mrs. Stierly.[1]

After trial in the district court, a judgment was entered in favor of plaintiff in the amount prayed for in plaintiff's complaint. Defendant appealed to the circuit court.

After close of the trial in the circuit court, defendant moved to amend his affirmative defense by adding the words "which separation as to defendant was wrongful." The court allowed the amendment.

Several days later, in a letter opinion, the trial judge stated that plaintiff had established that Mrs. Stierly had incurred family expenses in the amount of $1,360.82 and that defendant had failed to show that the separation as to him was wrongful.

However, the trial judge stated that the evidence showed that a divorce proceeding had been initiated in 1967, and the defendant had been ordered on September 19, 1968, to pay Mrs. Stierly temporary support. The trial judge was of the opinion that the defendant would have a defense to that portion of the expenses which was incurred after the order for temporary support was issued and defendant had made payments pursuant thereto.

The circuit court, on its own motion, allowed defendant to amend his answer to allege this defense.

Thereafter, judgment was entered in favor of plaintiff in the amount of $75.85. This amount repre-

[1] ORS 108.040(3) provides:

"After the wrongful separation of one spouse from the other, the one so wronged shall in no wise be responsible for debts contracted by the other subsequent to such separation except for maintenance, support and education of the minor children of the parties."

sents the value of the purchases made by Mrs. Stierly prior to September 19, 1968, the date of the order requiring defendant to pay temporary support. Plaintiff appeals from this judgment.

Plaintiff argues that the circuit court erred in allowing defendant to amend his answer to assert the defense that the purchases in question were made while defendant was paying temporary support to Mrs. Stierly under the court order. Plaintiff contends that this defense was not raised in the district court.[2] We agree.

■ On appeal to the circuit court from a judgment of the district court, the circuit court sits as an appellate court and its powers are limited to those prescribed by statute. *Higgins v. Fields,* 150 Or 528, 47 P2d 235 (1935); *Currie v. Southern Pacific Co.,* 21 Or 566, 572, 28 P 884 (1892).

ORS 46.250 provides that appeals from the district court shall be heard and determined by the circuit court in the same manner as appeals from justices' courts. ORS 53.100 relating to appeals from the justices' courts provides:

"The appellate court may, in furtherance of justice and upon such terms as may be just, allow

[2] Defendant also argues that we should not consider plaintiff's assignment of error because plaintiff failed to set out *haec verba* the pertinent portions of the record as required by Rule 2.35 of the Rules of Procedure of the Supreme Court and Court of Appeals.

Although the pertinent portions of the record are not set out *haec verba,* the plaintiff has clearly and succinctly stated his assignment of error with reference to the pertinent pages of the record. The method employed by plaintiff for identifying the pertinent portions of the record does not require us to search the record, nor has the defendant alleged that he has been inconvenienced. Under the circumstances of this case, plaintiff has complied with Rule 2.35.

the pleadings in the action to be amended so as not to change substantially the issue tried in the justice's court or to introduce any new cause of action or defense."

■ Although the appeal in the circuit court is de novo, previous decisions of this court have construed ORS 53.100 as precluding either party from asserting either a new cause of action or a new defense in an appeal to the circuit court. *State v. Rush,* 253 Or 560, 562, 456 P2d 496 (1969); *Higgins v. Fields,* supra. This construction of the statute is in accord with legislative intent.

In 1864 the legislature enacted General Laws of Oregon (Deady 1845-1864), § 77, p 597, which precluded either party from asserting new issues for the first time on appeal to the circuit court.[8] *Moser v. Jenkins,* 5 Or 447 (1875). However, in 1885 the legislature repealed the 1864 law and enacted Oregon Laws 1885, § 7, p 137, codified in Hill's Annotated Oregon Laws as § 2130.[9] This legislation empowered the circuit court, when sitting as an appellate court, to allow amendments raising new issues not considered in the lower court. *Meyer v. Edwards,* 31 Or 23, 48 P 696 (1897). In 1899, however, shortly after the *Meyer* case was decided, the legislature repealed Oregon Laws 1885, § 7, p 137, and enacted Oregon Laws 1899, § 48,

---

[8] Section 77, page 597, of Oregon Laws 1864, is identical to ORS 53.100 set out above.

[9] Section 2130, Hill's Annot. Oregon Laws, reads, in part:

"In all cases of appeal, the bill of items of the account sued on, or filed as a counter claim or set-off, or the abatement of the plaintiff's cause of action, or of the defendant's counter claim or set-off, or other ground of defense filed before the justice, may be amended upon appeal in the appellate court to supply any defect, deficiency, or omission therein, by filing formal pleadings therein, when by such amendment substantial justice will be promote[d], * * *."

p 118, which is now ORS 53.100, and again restricted the issues on appeals to those raised in the justices' courts.

This legislative history clearly indicates that the scope of review on appeals in the circuit court is limited to those issues raised in the district court.

■ Various defenses were available to the defendant. If the wife's separation was wrongful, the defendant, under ORS 108.040(3) would not have been responsible for debts contracted by the wife after the separation except those incurred for maintenance, support and education of minor children of the parties. For the defense to be available, it must be shown that the wife's separation was wrongful.[9] Annot., 60 ALR2d 7, 15, 31 (1958). Another defense available to the husband is that the court has entered an order for temporary support *pendente lite* and that he has complied with the order. *R. H. Macy, Inc. v. Herskowitz,* 56 Misc 2d 847, 290 NYS2d 390 (1968); *Joseph v. Schoenwald,* 148 Wash 649, 269 P 797 (1928); 41 Am Jur 2d 301, Husband and Wife § 361 (1968); Annot, 60 ALR2d at 55. This defense was not raised in defendant's answer. At the trial in the circuit court the defendant attempted to introduce a record showing the amount of temporary support payments made by the defendant pursuant to the court order. The plaintiff objected on the ground that such defense had not been pleaded. The trial court sustained the objection. It was not until later when the court submitted its

---

[9] The defendant's answer originally alleged that the parties were separated on September 19, 1968, and later divorced on March 21, 1969. It was not until completion of the trial in the circuit court that defendant amended his answer to allege that the wife's separation was wrongful. The trial court subsequently concluded that this allegation was not sustained by the evidence.

letter opinion that it concluded that the defense of payments under the *pendente lite* order was available to defendant. As the defense had not been pleaded, the court allowed defendant to file an amended answer containing the proper allegations.

■■ We conclude that the defense of payments made pursuant to the *pendente lite* order constituted a new defense and was prohibited under ORS 53.100.⑨ The circuit court erred in allowing defendant to amend his pleading after conclusion of the trial to allege this new defense.

■ Lastly, the defendant contends that the expenses incurred by Mrs. Stierly were not "family expenses." As the defendant has not filed a cross-appeal, this issue is not properly before us.

Reversed with directions to enter a judgment in favor of plaintiff and against defendant for $1,360.82 plus interest from January 31, 1969.

---

⑨ There is a conflict of authority of whether the defendant husband has the burden of proving support payments made pursuant to a court order or whether the creditor has the burden of proving a negative—that the husband has not complied with the court order and provided for his wife. Annot, 60 ALR2d 70 (1958). We conclude that the better and more practical rule is that the husband should have the burden of proving that he has complied with the order of the court.