Argued May 22, affirmed June 11, reconsideration denied
July 17, petition for review denied August 6, 1974

## STATE OF OREGON, *Respondent, v.* JOHN ANTHONY MARCILIONIS (No. 84811), *Appellant.*

522 P2d 1403

*Frank Porcelli, Jr.,* Beaverton, argued the cause for appellant. With him on the brief was Peter R. Blyth, Beaverton.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Șᴄʜwᴀʙ, Chief Judge, and Fᴏʟᴇʏ and Fᴏʀᴛ, Judges.

FORT, J.

Defendant was cited, arrested, and lodged in jail for driving with more than .15 per cent alcohol in his blood and subsequently released on bail. He pled not guilty and, after denial of a motion to quash the citation on the ground that its summons portion was not filled out, he was convicted. He appealed to the circuit court where, after renewal and denial of his motion to quash the citation, he was again convicted. He appeals.

■ Defendant claims that the court erred in failing to grant his motion to quash. The Uniform Traffic Citation contains on the printed form a number of blanks designed to conform with the requirements of ORS 484.150. On the citation issued to the defendant appeared the following:

> "* * * * *
>
> "Appear in court at ........m. on ........ day of ...................., 19........   Scheduled Bail
> $305.00
> "Located at:   Lodged in Jail   .
> "* * * * *."

ORS 484.150 (8) provides in part:

> "(8) The complaint shall be set aside by the court upon the motion of the defendant before plea when it does not conform to the requirements of this section. * * *"

In *State v. Rush*, 253 Or 560, 456 P2d 496 (1969), the Supreme Court considered an attack based upon the failure to complete the blank on a traffic

citation issued pursuant to ORS 484.150 showing the date on which the citation was issued. In the course of that opinion, the court said:

"*ORS 484.150* requires that traffic citations contain the date on which the citation was issued and *provides that a complaint portion of the citation* not containing such date shall be set aside upon motion by the defendant 'before plea.' * * *" (Emphasis supplied.) 253 Or at 561.

ORS 484.150 (2)(a) through (d) states:

"(2) The citation shall consist of at least four parts. Additional parts may be inserted by law enforcement agencies for administrative use. The required parts are:

"(a) The complaint.

"(b) The abstract of record.

"(c) The police record.

"(d) The summons."

ORS 484.170 provides:

"Except as provided in this section, a complaint in a traffic offense is sufficient if it contains the following:

"(1) The name of the court, the name of the state or of the city or other public body in whose name the action is brought and the name of the defendant.

"(2) A statement or designation of the offense in such manner as can be readily understood by a person making a reasonable effort to do so and the date, time and place at which the offense is alleged to have occurred.

"(3) A certificate as provided in subsection (5) of ORS 484.150, signed by the complainant."

It is obvious from the foregoing that the summons portion of a traffic citation is not a part of the complaint. Thus it is clear that the motion here was

not directed to any portion of the complaint, as required by ORS 484.150 (8), but solely at the portion of the citation relating to the summons.

■ We note that in neither court below, in both of which defendant was regularly tried and convicted, was any attack directed upon adequacy of the summons. Thus we do not consider it. *State v. Rush,* supra.

Affirmed.