Argued May 24, affirmed June 17, 1974

STATE OF OREGON (No. 21382), *Appellant, v.*
CHARLES FREDERICK KREY, *Respondent.*

523 P2d 600

*William S. Lovell,* Deputy District Attorney, Dallas, argued the cause for appellant. With him on the brief was John L. Snyder, District Attorney, Dallas.

*Scott McArthur,* Monmouth, argued the cause for respondent. With him on the brief were McArthur & Horner, P.C., Monmouth.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

Defendant was charged with operating a motor vehicle while under the influence of an intoxicating liquor, ORS 483.992 (2), and trial was set in district court. The defendant filed a motion to suppress the results of a blood test administered shortly after his arrest. The district court granted the motion and the state appealed to the circuit court pursuant to ORS 157.020 (2)(d).[1] That court affirmed the order of suppression on the ground that there was no evidence that the blood had been withdrawn under the direction or control of a duly licensed physician, ORS 483.640.[2] Subsequently, trial in district court resulted in a jury verdict of guilty. Defendant appealed to the circuit court and again filed a motion to suppress which was granted by the court on the ground that the order previously entered by the circuit court controlled the case. This matter is before us on the state's appeal from the circuit court order granting the second motion to suppress. The appeal is pursuant to ORS 138.060 which provides in relevant part:

"The state may take an appeal from the circuit court to the Court of Appeals from:

"* * * * *

---

[1] ORS 157.020 (2)(d), dealing with appeals from district court, states:

"* * * * *

"(2) The plaintiff may take an appeal from:

"* * * * *

"(d) An order made prior to trial suppressing evidence."

[2] After the suppression hearing in this case and the appeal to the circuit court, but before the de novo review, this court, in another case involving substantially identical facts, reached a conclusion contrary to that of the trial court here. State v. Stover, 14 Or App 559, 513 P2d 537 (1973). However, the posture of the case at bar is such that we do not reach the substantive issue.

"(3) An order made prior to trial suppressing evidence * * *

"* * * * *"

The circuit court correctly allowed the second motion to suppress filed by defendant. Prior to 1971, the state had no authority to appeal an order of the district court suppressing evidence. Consequently, in *State v. Stahley,* 7 Or App 464, 492 P2d 295 (1971), this court held that a ruling of the district court suppressing evidence did not bind the circuit court in a later trial. However, Oregon Laws 1971, ch 644, § 2, p 1246,[9] enacted subsequent to the hearing in *Stahley,* provided for an appeal by the state from an order of the district court suppressing evidence. In response to this change, the Supreme Court, in *State v. Swain/ Goldsmith,* 267 Or 527, 517 P2d 684 (1974), held that where the law provides for an appeal and the state fails to take advantage of the opportunity, the district court's suppression of the evidence becomes a final determination on that issue.

Although *Swain/Goldsmith* dealt with appeals from district court to circuit court under ORS 157.020, its reasoning applies with equal force to the state's failure to appeal from the circuit court to this court on the question of the district court's suppression of the evidence. The state had the opportunity to appeal, *see, State v. Browne,* 16 Or App 177, 517 P2d 1224 (1974), and failed to do so. This failure precludes the state from raising the suppression issue anew in the circuit court during the review proceeding, and prevents this court from considering any alleged errors in the district court proceeding. *State v. Swain/*

---

[9] This chapter added ORS 157.020 (2)(d), n 1, supra.

*Goldsmith,* supra; *Rea v. Rea,* 195 Or 252, 278, 245 P2d 884, 35 ALR2d 612 (1952).

This case is an example of the procedural difficulties and inefficiencies inherent in our present court structure—a structure which provides more layers of appeal and procedural hurdles in misdemeanor and minor civil cases than in felony and major civil cases.

Affirmed.