Argued March 24, reversed and remanded April 21, 1975

STATE OF OREGON (No. C 74-08-2672 Cr)
*Appellant, v.*
SHADY UTAW PHILLIPS, *Respondent.*

534 P2d 214

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for appellant. With him on the brief was Lee Johnson, Attorney General, Salem.

*Robert L. McKee,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FORT and LEE, Judges.

FORT, J.

This is an appeal by the state from an order of the circuit court made prior to trial following a hearing on a preliminary motion. The court affirmed an order of the district court dismissing two traffic charges because the state there failed to establish the existence of probable cause for his arrest. The appeal is taken by the state pursuant to ORS 138.060(1). *State v. Krey,* 18 Or App 22, 523 P2d 600 (1974).

The issue presented by this appeal is a narrow one and arises from the following circumstances. Defendant was arrested at his home on July 27, 1973. Two uniform traffic citations were issued to him at that time, one charging that he operated a motor vehicle while under the influence of intoxicating liquor, ORS 483.992(2), and the second charging that he operated a motor vehicle while having a content of .15 per cent or more alcohol in his blood, ORS 483.999. Complaints charging each offense were filed promptly thereafter in the district court. Defendant requested a jury trial on each. Following five postponements the cases came on for trial on July 25, 1974, in the district court. It is conceded by the briefs that at that time, just prior to trial, defendant, without notice,

moved for an order dismissing the complaints because the arrest was made without probable cause and without a warrant. It is further agreed evidence was taken only on that issue, and the district court allowed the motion and dismissed the two charges. The state appealed to the circuit court. ORS 157.020(2)(d). *State v. Krey*, supra.

At the time of trial in the circuit court defendant objected to the introduction of any testimony from any witness who did not testify before the district court. The trial judge reserved a ruling on the motion. However, it permitted the testimony of an officer, J. R. Griesen, who had not testified in the district court, to be taken and preserved, only upon the question of probable cause for arrest. The court made certain findings of fact and conclusions of law in its order, including the following:

"2. This motion was not called up by defendant for hearing by the District Court until just before trial on the last scheduled trial date of July 25, 1974.

"3. After taking evidence, the District Judge pro tem granted the motion to dismiss the complaints on the grounds that '. . . the arrest of the defendant . . . was made without an arrest warrant and that there was no probable cause to arrest . . .,'.

"4. The District Court for Multnomah County is not a court of record and there was no recordation of the District Court proceedings on this motion to dismiss.

"5. The State did not call Officer J. R. Griesen as a witness on this motion in the District Court, but did call Officer D. S. Butzer.

"6. Officer Griesen had been timely notified but failed to appear on the District Court trial date of July 25, 1974, because he received sudden and unexpected notice to appear in the United

States District Court for the District of Oregon as defendant in a pending civil action for money damages.

"7. The court fully credits Officer Griesen's testimony concerning the last-minute nature of the federal court notice he received, and concludes that his failure to appear on July 25, 1974 was excusable in the circumstances shown by his testimony.

"8. There is no question that Officer Griesen's testimony on this hearing, if admissible, clearly establishes probable cause for the issuance of the complaints herein.

"9. It is equally clear on this record that Officer Butzer's testimony standing alone was and is insufficient to establish such probable cause.

"10. The court CONCLUDES that on an appeal to this court by the State from a pretrial order dismissing a criminal action in a District Court not of record the State may call only those witnesses who previously testified in the nonrecord court.

"11. Officer Griesen's testimony consequently was not admissible over objection on this appellate hearing; now, therefore,

"IT IS ORDERED that Officer J. R. Griesen's testimony on this hearing is inadmissible and is hereby excluded and stricken; and

"IT IS FURTHER ORDERED that the order of the District Court dismissing the complaints for lack of probable cause be and the same is hereby affirmed."

It is from this order that the state appeals to this court.

The narrow issue presented by and argued upon this appeal, then, is whether the circuit court correctly concluded that on an appeal to it from the district court it cannot properly consider the testimony of a

witness who did not testify before the district court upon the same issue as was presented on the appeal by the state to the circuit court. We conclude for the reasons which follow that the circuit court on the foregoing facts did have the authority and should have considered the testimony of Officer Griesen and thus that it erred in excluding it.

Except as otherwise provided by law, appeals to the circuit court from the district court in criminal matters are governed by the provisions applicable to criminal appeals from justices' courts found generally in ORS ch 157. ORS 157. 080. ORS 157.060, governing the perfection of such appeals, is unclear as to the scope of review in circuit court:

> "From the filing of the transcript with the clerk of the circuit court the appeal is perfected and the action is to be deemed pending therein for trial upon the issue tried in the justice's court. In a criminal action, the appellate court has the same authority to allow an amendment of the pleadings on an appeal that it has on an appeal in a civil action."

■ However, in *State v. Knighten*, 236 Or 634, 390 P2d 166 (1964), our Supreme Court held ORS 53.090, governing appeals from justices' courts in civil matters, applicable to criminal cases. In that case, the defendant appealed his municipal court conviction for assault and battery to the circuit court. The circuit court upheld the conviction. Defendant thereupon appealed to the Supreme Court, alleging violations of his constitutional rights in the municipal court trial. The Supreme Court affirmed, stating:

> "* * * Upon appeal from the municipal court the cause is tried de novo *'as if originally commenced in such court'* (ORS 53.090). Once the case has been tried in the circuit court the inadequacy of the procedures in the municipal court are no

longer material." (Emphasis supplied.) 236 Or at 637.

■ ORS 53.090 defines the scope of review of the circuit court in the exercise of its appellate jurisdiction as follows:

> "* * * [T]he action shall be deemed pending and for trial therein as if originally commenced in such court, and the court shall have jurisdiction of the cause and *shall proceed to hear, determine and try it anew,* disregarding any irregularity or imperfection in matters of form which may have occurred in the proceedings in the justice's court. * * *" (Emphasis supplied.)

We think this section contemplates the receipt of evidence in circuit court not introduced below. In *Byers v. Ferguson,* 41 Or 77, 65 P 1067, 68 P 5 (1902), the court said:

> "* * * The trial anew in the circuit court on appeal, as we understand the term, means a new trial by the introduction of original evidence upon the issue as made in the justice's court. The issue ultimately made in that court was an issue of fact, which was to be tried in the circuit court, on an appeal, not upon errors assigned, *but as if such cause had never been tried.* * * *" (Emphasis supplied.) 41 Or at 82.

We note that the portion of ORS 53.090 set forth above remains the same as it was when *Byers* was decided. Oregon Laws 1899, p 118, § 47.

Defendant's reliance on *Credit Service Co. v. Stierly,* 261 Or 510, 495 P2d 270 (1972), is misplaced. That case holds only that ORS 53.100 precludes either party from asserting a new issue—that is, a new cause of action or defense—on appeal to the circuit court. Here, the issue of probable cause to arrest was squarely before and decided by the district court.

In *State v. Stahley*, 7 Or App 464, 492 P2d 295 (1971), we considered the scope of review in the circuit court of a district court ruling on a motion to suppress, and said:

> "Because we do not believe that the law was intended to prevent prosecutions by the state by making a non-appealable suppression order final, we hold, absent a supporting record, that the ruling of the district court suppressing the evidence at or prior to the preliminary hearing is not binding upon the trial court." 7 Or App at 468.

Here the trial court, in its ruling, supra, did not decide the further question presented by the motion to suppress of whether the arrest of the defendant in his own home without a warrant was valid. It concluded only that based upon Officer Griesen's testimony there was probable cause "for the issuance of the complaints." Thus it is necessary to remand this matter to the circuit court to give it the opportunity to rule, since our review of the circuit court's findings of fact of course is not de novo on the record. *State v. Stahley*, supra.

We hold only that review of criminal matters decided by the district court when properly appealed to the circuit court shall be heard de novo on the issues determined below and that for such purpose evidence not presented in the district court upon such issues may be admitted in the circuit court.

Recently, in *State v. Krey*, supra, we said:

> "This case is an example of the procedural difficulties and inefficiencies inherent in our present court structure—a structure which provides more layers of appeal and procedural hurdles in misdemeanor and minor civil cases than in felony and major civil cases." 18 Or App at 25.

This, too, is such a case.

Reversed and remanded.