Argued March 15, reversed and remanded for trial April 12, 1976

STATE OF OREGON, *Appellant,*

*v.*

THORBURN HJALMAR STACEY, *Respondent.*

(No. CC-75-336, CA 5596)

548 P2d 527

*Thomas H. Denney,* Assistant Solicitor General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Hayes Patrick Lavis, Astoria, and Anderson, Fulton, Louis & Van Thiel, Astoria, filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Lee, Judges.

LEE, J.

**LEE, J.**

The state appeals the circuit court's suppression of a breathalyzer test administered to the defendant in connection with a charge of driving while under the influence of intoxicating liquor (DUIL).

Defendant was originally tried in district court, where he was charged with both DUIL and driving with .15 percent or more alcohol in the blood.

In the district court trial the police officer who administered the breathalyzer test to defendant testified erroneously concerning a certain light on the breathalyzer machine. As a result of this, defendant moved to withdraw the breathalyzer evidence from the jury. The motion was allowed. There was also a motion for acquittal on the ".15%" charge which, likewise, was allowed. Defendant was convicted of DUIL.

Defendant appealed to the circuit court, where he moved to suppress the breathalyzer test. His basis for the motion was that "the judicial findings of the court below are final as to the admissibility of the Breathalyzer" and that "the test having been found by the court in a judicial determination outside the presence of the jury to be improperly given cannot again be reintroduced in evidence * * *."

In a pretrial suppression hearing the police officer testified that he had, at the district court trial, been confused about the type of breathalyzer machine he used but that he had in fact administered the test correctly.

The circuit court granted defendant's motion, stating that "when there is a record of the events in district court and when the judge there has suppressed this kind of evidence that I feel by virtue of the doctrine of collateral estoppel it is binding on the proceeding here in circuit court * * *."

The judgment of acquittal was based upon the suppression of the breathalyzer test. The doctrine of colla-

teral estoppel precludes the relitigation of any issue already determined, actually or necessarily, in a former judgment. *State of Oregon v. Dewey,* 206 Or 496, 505-06, 508, 292 P2d 799 (1956); Annotation, 9 ALR3d 203, 233-36, 239, 240-41, § 7(a)-(e), (i), and § 8 (1966).

However, it must be remembered that in the instant case the district court ruling on the breathalyzer test applied to *both* the .15 percent *and* the DUIL charges. Essentially, then, defendant is maintaining that a ruling by a district court binds a circuit court when the same question arises in a trial *de novo* of the *same case.* We disagree.

■ An appeal from district court to circuit court in criminal cases is *de novo. State v. Phillips,* 21 Or App 167, 534 P2d 214 (1975). Under the facts of this case, this means that the trial is conducted as if it were "originally commenced" (ORS 53.090)[1] in the circuit court. *State v. Phillips, supra.* Prior district court rulings are thus not binding on the circuit court.

The Oregon right to a *de novo* trial is essentially the same as in the Kentucky system described by the United States Supreme Court in *Colten v. Kentucky,* 407 US 104, 92 S Ct 1953, 32 L Ed 2d 584 (1972). In

[1] ORS 53.090 provides:

"Within 30 days next following the allowance of the appeal, the appellant must cause to be filed with the clerk of the circuit court a transcript of the cause. The transcript must contain a copy of all the material entries in the justice's docket relating to the cause or the appeal, and must have annexed thereto all the original papers relating to the cause or the appeal and filed with the justice. Upon the filing of the transcript with the clerk of the circuit court, the appeal is perfected. Thenceforth the action shall be deemed pending and for trial therein as if *originally commenced* in such court, and the court shall have jurisdiction of the cause and shall proceed to hear, determine and try it anew, disregarding any irregularity or imperfection in matters of form which may have occurred in the proceedings in the justice's court. If the transcript and papers are not filed with the clerk of the circuit court within the time provided, the circuit court, or the judge thereof, may by order extend the time for filing the same upon such terms as the court or judge may deem just. But such order shall be made within the time allowed to file the transcript." (Emphasis supplied.)

that case the court held that when a defendant appeals *de novo,* he can constitutionally receive a greater sentence after the second conviction than the first. Part of the court's reasoning was that "[t]he trial *de novo* represents a completely fresh determination of guilt or innocence." 407 US at 117.

■   The circuit court, in a trial *de novo,* is required to make its own determinations on the admissibility of evidence; it is not bound by the findings of the district court.

Reversed and remanded for trial.